MARK STEPHEN LAMOND, PLAINTIFF v. EILEEN PATRICIA MAHONEY, DEFENDANT

No. COA02-379

(Filed 5 August 2003)

**1. Child Support, Custody, and Visitation— visitation—temporary order**

The trial court did not err in a parental visitation case by ruling that a 25 July 2001 order was a temporary order with respect to visitation and by applying a best interests of the child standard rather than requiring that plaintiff father demonstrate a change of circumstances, because: (1) a review of the order revealed that the trial court believed that additional gradually increasing visitation was necessary before the court could specify permanent visitation provisions; (2) when a court decides the issue of permanent visitation for the first time, the standard is the child's best interest; and (3) the changed circumstances standard urged by defendant is not relevant unless a permanent order exists.

**2. Child Support, Custody, and Visitation— visitation—burden of proof**

The trial court in a parental visitation case did not improperly shift the burden of proof from plaintiff father to defendant mother because when a trial court is applying the best interests standard, no party has the burden of proof.

**3. Child Support, Custody, and Visitation— visitation—sufficiency of findings of fact**

The trial court's findings of fact in a parental visitation case were insufficient to support the conclusions of law or the decretal portion of the order amending visitation, because: (1) while the evidence may justify the significant extension of regular, summer, and holiday visitation, the mere fact that plaintiff father's prior visits had been productive does not show why the trial

LAMOND v. MAHONEY

[159 N.C. App. 400 (2003)]

court believed much more substantial visitation was appropriate at this time; (2) there are no findings specifying the facts the court believed justified the order's provisions for physical, telephonic, and electronic visual visitation; and (3) the Court of Appeals has no basis for determining whether the court abused its discretion regarding the decision to eliminate any role of the maternal grandparents in visitation or whether the decision is supported by the evidence.

Appeal by defendant from order entered 7 September 2001 by Judge Regan A. Miller in Mecklenburg County District Court. Heard in the Court of Appeals 10 February 2003.

*Casstevens, Hanner, Gunter & Riopel, P.A., by Mark D.N. Riopel, for plaintiff-appellee.*

*Dozier, Miller, Pollard & Murphy, L.L.P., by Timothy H. Graham, for defendant-appellant.*

GEER, Judge.

This appeal presents primarily two issues: (1) whether the district court applied the appropriate standard in reaching its decision on visitation; and (2) whether that order is supported by sufficient findings of fact. Although we hold that the district court did employ the correct standard, we do not believe that the court's very limited findings of fact are sufficient to permit appellate review and, therefore, must reverse and remand for further findings.

The parties, who were never married, are the parents of seven-year-old Liam Killian Mahoney. Plaintiff Mark Lamond filed this action 16 April 1998 seeking visitation. Defendant Eileen Mahoney filed an answer and counterclaim seeking custody and child support. Ms. Mahoney subsequently filed a motion for a psychological examination of Mr. Lamond. On 4 February 1999, Judge David S. Cayer entered an order requiring both parties to undergo psychological evaluations. He requested that the evaluation of Mr. Lamond include an assessment of the appropriateness of visitation and recommendations of how visitation should ultimately be structured. Judge Cayer found that Mr. Lamond "should not have visitation with the minor child until the evaluation has been conducted."

On 8 February 2000, Judge Rickye McKoy-Mitchell entered an order granting legal and physical custody of Liam to Ms. Mahoney.

LAMOND v. MAHONEY

[159 N.C. App. 400 (2003)]

With respect to visitation, Judge McKoy-Mitchell ordered that Mr. Lamond have supervised visitation once a month with the matter to be reviewed six months from the date of Mr. Lamond's first visit. As a result of this order, from March 2000 through September 2000, Mr. Lamond visited Liam once a month for two to four hours each visit.

Following a trial on 18 October 2000, Judge McKoy-Mitchell entered an order on 25 July 2001 entitled "Order Regarding Permanent Child Custody, Visitation, and Child Support." The order awarded permanent custody to Ms. Mahoney. In addressing visitation, Judge McKoy-Mitchell found that Mr. Lamond needed to continue to develop a bond with the minor child because of his recent introduction to the child, the limited number of hours that he had spent with the child, and the extended period of time between visits. The court therefore directed that Mr. Lamond should have supervised visitation with Liam through February 2001. For visitation after February 2001, the court stated:

> Upon completion of the February 2001 visits and assuming successful progress with the visits, the Court anticipates that Plaintiff will be allowed unsupervised visits with the minor child for an approximate period of three months, followed by a review hearing of said visitation. However, before unsupervised visits are allowed, the attorneys and the undersigned will have a conference to discuss the progress of the visits and the appropriateness of unsupervised visits. The Court will then decide the method of visits.

The court's order also provided that Mr. Lamond would have "reasonable telephone access to the minor child."

The review hearing required by Judge McKoy-Mitchell was scheduled for 15 August 2001 before Judge Regan A. Miller. On 3 August 2001, Mr. Lamond filed a pleading entitled "Motion for Judicial Assistance," seeking a variety of relief, including extended unsupervised visitation, access to Liam's school and medical records, more detailed provisions for telephone visitation, and the right to correspond through regular and electronic mail.

After a hearing conducted on 15 and 16 August 2001, Judge Miller entered, on 7 September 2001, an Order Amending Visitation. Ms. Mahoney appeals from this order.

This appeal involves a challenge to visitation provisions only. Our Supreme Court has held that because "[v]isitation privileges are but a

lesser degree of custody," we must apply the same principles to visitation orders that apply to custody determinations. *Clark v. Clark*, 294 N.C. 554, 575-76, 243 S.E.2d 129, 142 (1978). When reviewing a child custody order, we are bound by the trial court's findings of fact so long as those findings are supported by competent evidence. *Cantrell v. Wishon*, 141 N.C. App. 340, 342, 540 S.E.2d 804, 805 (2000). "The trial court is required to find the specific ultimate facts to support the judgment, and the facts found must be sufficient for the appellate court to determine that the judgment is adequately supported by competent evidence." *Buckingham v. Buckingham*, 134 N.C. App. 82, 88-89, 516 S.E.2d 869, 874, *disc. review denied*, 351 N.C. 100, 540 S.E.2d 353 (1999).

I

[1] In her first two assignments of error, Ms. Mahoney argues that Judge Miller erred in ruling that the 25 July 2001 order was a temporary order. Appellant contends that the trial court should have considered the July 2001 order to be a permanent order and required Mr. Lamond to show a substantial change of circumstances pursuant to N.C. Gen. Stat. § 50-13.7(a) (2001). We disagree.

While Judge McKoy-Mitchell's July 2001 order was entitled "Order Regarding Permanent Child Custody, Visitation, and Child Support," it is apparent from the terms of that order that she did not intend for the visitation portions of the order to be "permanent." In any event, a trial court's designation of an order as "temporary" or as "permanent" is not binding on this Court. *Brewer v. Brewer*, 139 N.C. App. 222, 228, 533 S.E.2d 541, 546 (2000).

This Court has addressed the question whether a custody order is temporary or permanent when determining if an appeal from the order is interlocutory. Generally, a party is not entitled to appeal from a temporary custody order. In that context, this Court has held that a temporary or interlocutory custody order "is one that does not determine the issues, but directs some further proceeding preliminary to a final decree." *Dunlap v. Dunlap*, 81 N.C. App. 675, 676, 344 S.E.2d 806, 807, *disc. review denied*, 318 N.C. 505, 349 S.E.2d 859 (1986). In *Dunlap*, the Court found a May 1985 custody order to be temporary because it provided for further proceedings to occur in August 1985. In *Brewer*, this Court set forth two tests: an order is temporary if either (1) it states a clear and specific reconvening time in the order and the time interval between the two hearings was reasonably brief; or (2) the order does not determine all issues. *Brewer*, 139 N.C. App.

at 228, 533 S.E.2d at 546 (holding that a year between hearings is too long "in a case where there are no unresolved issues").

Here, a review of the order reveals that Judge McKoy-Mitchell believed that additional, gradually increasing visitation was necessary before the court could specify permanent visitation provisions. The order speaks only of what the court "anticipates" will occur "assuming successful progress with the visits[.]" Judge McKoy-Mitchell's order then expressly provides for further proceedings, including a conference to discuss the appropriateness of unsupervised visits and a review hearing to occur after a three-month period of unsupervised visits. The order further indicates that the court would, at a later date, decide on the method of unsupervised visits to occur during the three-month period. The order contains no provisions governing visitation after the anticipated three months of unsupervised visitation. Because of the outstanding issues and the order's specification that a further review hearing would be held in a period of time reasonably brief under the circumstances, we hold that the 25 July 2001 order was not a permanent order with respect to visitation.

When, as here, a court decides the issue of permanent visitation for the first time, "[t]he standard by which the court is guided . . . is the child's best interest." *Kerns v. Southern*, 100 N.C. App. 664, 666, 397 S.E.2d 651, 652 (1990). *See also* N.C. Gen. Stat. § 50.13.2(b) (2001) ("Any order for custody shall include such terms, including visitation, as will best promote the interest and welfare of the child."). The "changed circumstances" standard urged by defendant is not relevant unless a permanent order exists: "The rule established by section 50-13.7(a) and developed within our case law requires a showing of changed circumstances only where an order for permanent custody already exists." *Regan v. Smith*, 131 N.C. App. 851, 853, 509 S.E.2d 452, 454-55 (1998).

Because the trial court correctly determined that the 25 July 2001 order was a temporary order with respect to visitation, it also properly applied a "best interests of the child" standard rather than requiring that Mr. Lamond demonstrate a change of circumstances. We overrule these assignments of error.

II

[2] In her next assignment of error, Ms. Mahoney contends that the trial court improperly shifted the burden of proof from plaintiff to

her. We reject this argument because when a trial court is applying the "best interests" standard, no party has the burden of proof.

In *Ramirez-Barker v. Barker*, 107 N.C. App. 71, 78, 418 S.E.2d 675, 679 (1992), *overruled on other grounds by Pulliam v. Smith*, 348 N.C. 616, 501 S.E.2d 898 (1998), this Court held that when a trial court is determining custody, "there is no burden of proof on either party on the 'best interest' question." Instead, the parties have the obligation to present whatever evidence they believe is pertinent in deciding the best interests of the child. The trial court bears the responsibility of "requiring production of any evidence that may be competent and relevant on the issue. The 'best interest' question is thus more inquisitorial in nature than adversarial." *Id.*

Our review of the transcript shows that Judge Miller properly followed this approach and did not place the burden of proof on either party. When considering requests that he considered generally reasonable on their face, Judge Miller gave Ms. Mahoney an opportunity to present evidence otherwise. Judge Miller stated:

> Well, I don't see that there's any need for evidence on the issues . . . on [plaintiff's] part on A, B, it looks like C or D. . . . Well, actually I don't see any problems with any of these where you need to present any evidence on it. . . . [T]hese are simply requests for things that the Court would normally put in an order that both parents have . . . equal access to this type of information. Is there any particular reason why that shouldn't happen in this case?

By addressing this question to defendant, the court did not shift any burden because there was no burden to shift. Instead, his request to Ms. Mahoney represents an appropriate attempt to ensure that he had all the information necessary to decide what was in the best interests of the child.

### III

[3] Third, Ms. Mahoney argues that the findings of fact of the district court are not sufficient to support the conclusions of law or the decretal portion of the order amending visitation. We agree.

Judge Miller significantly extended the visitation of Mr. Lamond with his son without making findings specifically related to those extensions. When the findings of fact relating to jurisdiction and the

LAMOND v. MAHONEY

[159 N.C. App. 400 (2003)]

prior history of the case are omitted, Judge Miller's order is supported by only four findings of fact:

7. Father complied with the requirements of this Court's Order regarding visitation. His visits with his son have been productive and appropriate.

8. During his most recent unsupervised visits with his son, Father has taken the child to the house that he rents in Tega Cay, South Carolina.

9. The parties have difficulty communicating with each other and have had no direct contact with each other since the filing of this lawsuit.

. . . .

11. The following provisions regarding Father's visitation with his son are merited in this matter and in the best interests of the minor child.

Finding of fact 11, as a mere conclusory recitation of the standard, cannot support the order. *Dixon v. Dixon,* 67 N.C. App. 73, 77, 312 S.E.2d 669, 672 (1984) (custody orders are "routinely vacated" when findings of fact consist of conclusory statements regarding the child's best interests).

In contrast to the limited findings of fact, the trial court entered a very detailed visitation decree. The court ordered that Mr. Lamond be allowed to visit two weekends a month for approximately eight hours each on Saturday and Sunday for the first two visits, followed by overnight visits from Saturday morning through 6:00 p.m. on Sunday for all other visits. In addition, the court provided for two-weeks of visitation each summer and a week's visitation during the Christmas holidays at locations of Mr. Lamond's choosing. These provisions represent a substantial increase in visitation over the prior temporary order. Under the order, these visits "shall not be facilitated by or involve Mother's parents." The order also includes detailed requirements regarding telephonic and "electronic visual" visitation.

While our review of the record indicates that there may be evidence to support this decree, the trial court's sparse findings of fact do not. At most, the court found that the father has complied with prior visitation orders; that visits have been productive; that he took his son on a trip to South Carolina (although the order does

not specify the relevance of that fact); and that the parties have difficulty communicating. These findings are not, standing alone, sufficient to support the extension of physical, telephonic, and electronic visitation.

Although the "trial judge is not required to find *all* the facts shown by the evidence[,]" *In re Custody of Stancil*, 10 N.C. App. 545, 549, 179 S.E.2d 844, 847 (1971) (emphasis original), the judge must find at least enough "*material* facts to support the judgment." *Green v. Green*, 54 N.C. App. 571, 575, 284 S.E.2d 171, 174 (1981) (emphasis original). Any questions raised by relevant evidence that "bear directly on the best interests of the child" must be resolved by the trial judge. *Id.* Given the detailed nature of the decretal portion of the order below, it appears that the trial court implicitly resolved the issues raised by the evidence, but that resolution is not reflected in the findings of fact. This Court cannot, therefore, determine the basis upon which the trial court reached the decision that it did.

Thus, while the evidence may justify the significant extension of regular, summer, and holiday visitation, we cannot tell from the mere fact that Mr. Lamond's prior visits had been productive why the trial court believed much more substantial visitation to be appropriate at this time. For example, when Mr. Lamond was asked if he believed Liam was ready to spend half of the summer with him, Mr. Lamond responded "at this point, no." Yet, the findings of fact do not contain any explanation as to why the trial court believed, in the face of this testimony, that summer vacation visitation was in the best interests of Liam. Without findings specifying the facts that the trial court believed justified the order's provisions for physical, telephonic, and electronic visual visitation, we are unable to determine with any confidence whether the order is supported by evidence and whether Judge Miller properly applied the "best interests" standard.

We recognize that the trial court must have broad discretion to resolve visitation issues because the trial judge "has the opportunity to see and hear the parties and the witnesses . . . ." *Hill v. Newman*, 131 N.C. App. 793, 798, 509 S.E.2d 226, 230 (1998) (quoting *Blackley v. Blackley*, 285 N.C. 358, 362, 204 S.E.2d 678, 681 (1974)). Further, "a trial court's decision should not be reversed on a whim simply because the appellate court believes, based upon its reading of the cold record, that the trial court erred; rather, a trial court should only be reversed if the dissatisfied party demonstrates that the trial court committed a manifest abuse of discretion." *Id.* at 798-99, 509 S.E.2d at 230. Nevertheless, without findings of fact to explain, for example,

the trial court's reasoning in eliminating any role of the maternal grandparents in visitation, this Court has no basis for determining whether the court abused its discretion or whether the decision is supported by the evidence. *See Montgomery v. Montgomery*, 32 N.C. App. 154, 158, 231 S.E.2d 26, 29 (1977) ("Without such findings and conclusions, it cannot be determined whether or not the judge correctly found the facts or applied the law thereto.").

Because we must remand this case for further findings of fact, we do not address whether the order is supported by the evidence. We recognize that Liam is now seven years old and some of the concerns raised by Ms. Mahoney, such as the appropriateness of e-mail communications, may no longer be relevant. We leave it to the trial court's discretion to decide whether to hear additional evidence prior to making new findings of fact.

Reversed and remanded.

Chief Judge EAGLES and Judge MARTIN concur.