DEBORAH LYNN OLLO, Plaintiff v. KENNETH MILLS, Defendant

No. COA99-65

(Filed 15 February 2000)

**1. Costs— attorney fees—abuse of discretion standard**

Although plaintiff requested $37,364.88 to cover her attorney fees and costs in a case involving violation of the Electronics Communications Privacy Act under 18 U.S.C. § 2520, the trial court did not abuse its discretion in awarding $1,000 in attorney fees and $140.00 in costs because: (1) the pertinent statute does not require an award of attorney fees or litigation costs, but instead leaves an award to the discretion of the trial court; and (2) plaintiff's failure to provide necessary information to the trial court meant it lacked the ability to trace her expenses to the successful claim against defendant Mills.

**OLLO v. MILLS**

[136 N.C. App. 618 (2000)]

**2. Costs— attorney fees—motion to vacate or amend order— specificity required**

The trial court did not abuse its discretion when it denied plaintiff's motion to vacate or amend the trial court's order awarding nominal attorney fees and costs in a case involving violation of the Electronics Communications Privacy Act under 18 U.S.C. § 2520 because: (1) plaintiff did not allege with any specificity the grounds upon which her motion should be granted; (2) Rules 59 and 60 reveal no grounds upon which plaintiff would have succeeded even if her motion had been more specific; and (3) the fact that plaintiff is unhappy with her award is not an adequate reason to justify awarding her a larger sum.

**3. Costs— attorney fees—motion to vacate or amend order— no hearing required**

The trial court did not abuse its discretion by denying plaintiff's motion to vacate or amend the trial court's order awarding attorney fees and costs without notice and hearing in a case involving violation of the Electronics Communications Privacy Act under 18 U.S.C. § 2520 because contrary to plaintiff's assertions, a hearing on this motion was not the only opportunity for plaintiff to present the evidence from her former attorney regarding his fees and costs.

Appeal by plaintiff from order entered 7 November 1997 by Judge Judson D. DeRamus, Jr. in Superior Court, Cabarrus County. Heard in the Court of Appeals 3 January 2000.

*Deborah Lynn Ollo, plaintiff-appellant, pro se.*

*No brief for the defendant.*

WYNN, Judge.

Since the defendant in this matter chose to neither file a brief nor partake in the settlement of the record, we must rely on the facts supplied to us by the plaintiff. Those facts show that the plaintiff, Deborah Lynn Ollo, and the defendant, Kenneth Mills, were once wife and husband. While their divorce was pending, Mr. Mills and some of his friends intercepted and recorded some of Ms. Ollo's phone calls. Mr. Mills played one of these conversations first during a divorce hearing, then a few days later at a press conference.

OLLO v. MILLS

[136 N.C. App. 618 (2000)]

On 25 October 1995, Ms. Ollo brought an action against Mr. Mills, Renee Robinson and Jeanette Robinson in the Superior Court of Cabarrus County alleging violations of the Electronic Communications Privacy Act, 18 U.S.C. § 2510 et seq. (1993), racketeering activity, intentional infliction of emotional distress, invasion of privacy, and civil conspiracy. She also asserted the claim of wiretapping violations against the *Concord Tribune* and two of its writers who wrote an article about Mr. Mills' press conference. Ms. Ollo was originally represented by counsel who assisted her through all preliminary motions, discovery, and mediation; however, her counsel was allowed to withdraw before the trial court entered its order for partial summary judgment. From that point on, Ms. Ollo proceeded without counsel.

The trial court granted summary judgment in favor of Mr. Mills, Renee Robinson and Jeanette Robinson as to Ms. Ollo's claims of racketeering, invasion of privacy, and civil conspiracy. The trial court found that Mr. Mills had engaged in the illegal interception of a March 1994 phone call and imposed a statutory damage award of $20,000. The issue of punitive damages was left for a jury to determine. Further, the trial court found that a genuine issue of material fact existed as to whether Mr. Mills intercepted phone calls in January and May 1995, and left this question for a jury. The trial court found Renee and Jeanette Robinson guilty of intercepting a September 1995 phone call, but awarded no statutory damages, leaving the question of punitive damages for a jury. Mr. Mills was ordered to pay an extra $10,000 for the September 1995 phone call, and the question of punitive damages was left to a jury. Finally, the court granted summary judgment in favor of Jeanette Robinson on the issue of intentional infliction of emotional distress, but found that a genuine issue of fact remained as to Renee Robinson and Mr. Mills.

Before the trial in which a jury would have determined Ms. Ollo's actual damages against the three defendants, she settled her claims against Jeanette and Renee Robinson, dismissed her action against them, and proceeded with a jury trial against Mr. Mills only. The jury awarded Ms. Ollo damages for the January and May 1995 interceptions, punitive damages for the interceptions, and costs including attorney's fees. The amount of fees and costs was to be determined at a later hearing.

Ms. Ollo filed a motion and affidavit in which she requested $37,364.88 to cover her attorney's fees and costs. Superior Court

**OLLO v. MILLS**

[136 N.C. App. 618 (2000)]

Judge Judson D. DeRamus, Jr. awarded Ms. Ollo $1,000.00 in attorney fees and $140.00 in costs. Ms. Ollo then filed a motion to vacate or amend the order. Without notice or hearing, Judge DeRamus denied her motion. She appealed these orders.

**[1]** On appeal, Ms. Ollo argues that the trial court committed reversible error when it awarded only nominal attorney's fees and costs and excluded any litigation costs. We disagree.

18 U.S.C. § 2520 (1993) reads

(a) In general.—Except as provided in section 2511(2)(a)(ii), any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter may in a civil action recover from the person or entity which engaged in that violation such relief as may be appropriate.

(b) Relief.—In an action under this section, appropriate relief includes—(1) such preliminary and other equitable or declaratory relief as may be appropriate; (2) damages under subsection (c) and punitive damages in appropriate cases; and (3) a reasonable attorney's fee and other litigation costs reasonably incurred.

This statute allows a person to recover attorney's fees and other litigation costs associated with successfully pursuing a wiretap claim. However, the question as to whether fees and costs are mandatory is a question of first impression in North Carolina. Since we have no case law of our own State or the United States Supreme Court to guide us, we turn to the plain language of the statute and the persuasive authority of the Federal Circuit Courts.

Subsection 2520(a) provides that the victim of a violation of the Electronic Communications Privacy Act *may* recover from the person or entity which engaged in that violation such relief as may be appropriate. Subsection 2520(b)(3) allows the recovery of attorney's fees and other litigation costs reasonably incurred. The plain language of § 2520 provides that a successful party *may* collect attorney's fees and litigation costs—it does not *require* such an award. We conclude that since the statute does not *require* an award of attorney's fees or litigation costs, such an award is within the discretion of the trial court. Accordingly, we will overturn a trial court's award only upon a showing of an abuse of discretion.

We are supported in setting this standard of review by the holdings of the limited number of federal cases which have reviewed the

application of § 2520(b)(3). In *Culbertson v. Culbertson,* 143 F.3d 825 (4th Cir. 1998), the United States Court of Appeals for the Fourth Circuit reviewed a case involving 18 U.S.C. § 2520. Although that case dealt with a subsection of § 2520 not presently before us, the Court also set forth the standard of review for awards under § 2520(b)(3). The Court held that orders for attorney's fees and costs under § 2520(b)(3) were subject to an abuse of discretion standard of review. *See id.* at 827.

Two other United States Circuit Courts have addressed the issue of whether § 2520(b)(3) makes attorney's fees and costs mandatory, or whether such an award is within the discretion of the trial court. The United States Court of Appeals for the Sixth Circuit and the United States Court of Appeals for the Eighth Circuit have both held that the award of fees and costs is within the sound discretion of the trial court, and an award will not be altered absent a showing of an abuse of discretion. *See Dorris v. Absher,* 179 F.3d 420 (6th Cir. 1999); *Bess v. Bess,* 929 F.2d 1332 (8th Cir. 1991); *Morford v. City of Omaha,* 98 F.3d 398 (8th Cir. 1996). *See also Shaver v. Shaver,* 799 F. Supp. 576 (E.D.N.C. 1992) (holding that the trial court has discretion whether to award costs and attorney's fees for violations of 18 U.S.C. § 2520(b)(3)).

Finally, we have reviewed the case law in North Carolina pertaining to other awards of attorney's fees and litigation costs. All such awards are within the discretion of the trial court and are reviewed under the abuse of discretion standard. Although none of these cases are controlling on our interpretation of 18 U.S.C. § 2520, we are convinced that our review of the attorney's fees and litigation costs in the case before us should follow the same standard of review. *See, e.g., Graham v. Rogers,* 121 N.C. App. 460, 466 S.E.2d 290 (1996); *Burnett v. Wheeler,* 515 S.E.2d 480 (N.C. App. 1999); *Ruggery v. N.C. Dep't of Corrections,* 520 S.E.2d 77 (N.C. App. 1999).

We now turn our attention to Ms. Ollo's claim that the trial court committed reversible error when it awarded only nominal attorney's fees and costs and excluded any litigation costs. As we have already pointed out, awards of attorney's fees and litigation costs are not required by 18 U.S.C. § 2520(b)(3); rather, they *may* be awarded at the discretion of the trial court. We therefore review the trial court's award under the abuse of discretion standard.

Ms. Ollo originally presented the trial judge with a general list of attorney's fees and other costs, along with an affidavit that said the

information was correct. At the hearing on her motion for costs, Ms. Ollo supplemented this information with an itemized list of costs and financial records. Ms. Ollo requested a total award of $37,624.88 to cover attorney's fees and other costs of litigation.

The trial court made a number of findings. Among these were: 1) Ms. Ollo failed to appropriately relate the attorney's fees to her successful claim against Mr. Mills, as opposed to her claims against the previously dismissed defendants and unsuccessful claims against Mr. Mills; 2) Ms. Ollo failed to demonstrate the reasonableness of the attorney's fees; 3) Ms. Ollo did not apply for witness fees under N.C. Gen. Stat. § 7A-314 (1995) and the requested fees were unsubstantiated; and 4) Ms. Ollo's remaining claims for costs were inadequately substantiated, inadequately related to her successful claims, or not routinely allowed as costs in civil superior court cases. The trial court awarded Ms. Ollo $1,000.00 in attorney's fees and $140.00 in costs against Mr. Mills.

Our review of the trial court's award is limited to the determination of whether the record demonstrates a manifest abuse of discretion by the judge. *See Leftwich v. Gaines,* 521 S.E.2d 717 (N.C. App. 1999). The trial court's discretion is practically unlimited. *See id.* The record in this case, even considering Ms. Ollo's amended affidavit and bill of costs, is indeed lacking the information necessary for the trial judge to accurately allocate expenses. For instance, although she provided a detailed list of the amount of work each attorney put into her case, she did not specify what portions of that work led to the successful claim against Mr. Mills. Furthermore, Ms. Ollo's counsel had withdrawn from her case at least one year before her success against Mr. Mills, adding further confusion about which attorney's fees should be applied to her claim.

Ms. Ollo's amended affidavit also included receipts and a breakdown of costs and fees; but again, Ms. Ollo did not trace which of these costs were incurred in her successful claim against Mr. Mills, as opposed to her other claims. Since Ms. Ollo failed to provide this information to the trial judge, he lacked the ability to trace her expenses to the successful claim against Mr. Mills. We therefore find no abuse of discretion in the trial judge's decision to deny Ms. Ollo's request for the full $37,624.88 in fees and costs. His award of $1,140.00 recognized that at least *some* of her expenses were probably incurred in her claim against Mr. Mills, but being unable to determine which expenses were directly related to Ms. Ollo's claim, the trial judge did not err in awarding only this nominal amount.

**[2]** Ms. Ollo next argues that the trial court abused its discretion when it denied her motion to vacate or amend the order. We disagree.

We first note that in her motion to vacate or amend the order, Ms. Ollo was, at best, very vague as to why her motion should be granted. She argued as a general matter that N.C.R. Civ. P. 59 allowed amendments to an order, and that N.C.R. Civ. P. 60 allowed relief from orders predicated on a mistake, inadvertence, excusable neglect, or "any other reason" justifying relief. Ms. Ollo did not allege with any specificity how the facts of her case entitled her to relief.

Our review of a trial court's denial of a Rule 59 motion is limited to a determination of whether the trial judge abused his discretion. *See In re Will of Buck*, 350 N.C. 621, 516 S.E.2d 858 (1999). Our review of a denial of a Rule 60 motion is also subject to the abuse of discretion standard of review. *See Hickory White Trucks, Inc. v. Greene*, 34 N.C. App. 279, 237 S.E.2d 862 (1977). Therefore, our review of Judge DeRamus' denial of Ms. Ollo's motion is limited to whether the record demonstrates a manifest abuse of discretion. *See Worthington v. Bynum*, 305 N.C. 478, 290 S.E.2d 599 (1982).

We hold that the trial court did not abuse its discretion when it denied Ms. Ollo's motion to vacate or amend the order. First, she did not allege with any specificity the grounds upon which her motion should have been granted. Second, Rules 59 and 60 reveal no grounds upon which Ms. Ollo would have succeeded even if her motion had been more specific.

Under Rule 59, only one possible ground for an amendment to the order presents itself. N.C.R. Civ. P. 59(a)(6) allows for an amended order when a court awards "inadequate damages appearing to have been given under the influence of passion or prejudice." We have already examined how Judge DeRamus reached his figure; he did not have enough information to trace all of Ms. Ollo's expenses to her successful claim against Mr. Mills. His decision was not the product of passion or prejudice.

Rule 60 generally allows relief from an order that is inaccurate due to some sort of mistake; usually a clerical error or a mistake arising from fraud or newly discovered evidence, etc. Rule 60(b)(6) also allows relief from an order for "Any other reason justifying relief . . . ." This Rule is equitable in nature and allows us to set aside or modify an order whenever such action is necessary to do justice. *See Howell v. Howell*, 321 N.C. 87, 361 S.E.2d 585 (1987).

Ms. Ollo asserts on appeal that a miscarriage of justice would result if we denied her recovery of the claimed attorney's fees and litigation costs. However, the fact that Ms. Ollo is unhappy with her award is not an adequate reason to justify awarding her a larger sum, particularly in light of the fact that the trial judge reached his decision based on the information that *she* provided. In addition, we have no more information upon which we could base a new award.

[3] Ms. Ollo finally argues that the trial court committed prejudicial error when it denied her motion to vacate or amend without notice and hearing. We disagree.

Our review of the trial court's decision to enter an order on Ms. Ollo's motion under Rules 59 and 60 without notice or a hearing is limited to whether the trial judge abused his discretion. *See Will of Buck, supra; Hickory White Trucks, supra.*

Ms. Ollo argues that the trial court should have given her notice and allowed a hearing because that would have been her only opportunity to subpoena her former attorney to testify in support of her motion for fees and costs. However, Ms. Ollo had other opportunities to subpoena her former attorney, either by compelling an affidavit in support of her motion for fees and costs, or by subpoenaing him to appear at her hearing on the motion for fees and costs. Although Ms. Ollo asserts several times that she was unable to compel her former attorney to provide her with an affidavit regarding his fees, she offers no explanation as to why she was unable to do so, nor does she provide proof that she attempted to so compel him. In view of her lack of evidence regarding her failure to make her attorney supply either an affidavit or testimony, we are unpersuaded that a hearing on her motion to vacate or amend the award was her only opportunity to present this evidence. The trial judge did not abuse his discretion by denying Ms. Ollo's motion to vacate or amend the award without notice or a hearing.

The decision whether to award attorney's fees and litigation costs is within the sound discretion of the trial court. Absent a showing that a trial judge abused his discretion, we will not disturb his decision on appeal. In the case at bar, the trial judge did not err by not awarding all of the fees and costs requested by Ms. Ollo. He did not err by not granting Ms. Ollo's motion to amend or vacate the order, nor did he err by making this decision without a hearing on the matter. The trial court's award of attorney's fees and other costs is,

Affirmed.

Chief Judge EAGLES and Judge WALKER concur.