BERNARD MARVIN LaVALLEY, Plaintiff v. WAYNIE FELARCA LaVALLEY, Defendant

No. COA01-965; COA01-1184

(Filed 2 July 2002)

**Child Support, Custody, and Visitation— custody—modification—final order—substantial change of circumstances test**

The trial court erred in a child custody and child support case by applying a best interests analysis rather than the substantial change of circumstances test to the issue of modification of custody, because although inclusion of the language "without prejudice" in the custody order is sufficient to support a determination that the order was temporary, it was converted into a final order when neither party requested the calendaring of the matter for a hearing within a reasonable time after the entry of the order.

Appeals by plaintiff from orders filed 21 December 2000 and 27 July 2001 by Judge Kenneth F. Crow in Carteret County District Court. Heard in the Court of Appeals 21 May 2002.

LaVALLEY v. LaVALLEY

[151 N.C. App. 290 (2002)]

The issues in these cases were tried in the same hearing but appealed separately due to a delay in the trial court's entry of its second order. Accordingly, the two cases have nearly identical facts and records. Both appeals were heard before the Court of Appeals on the same date, and pursuant to Rule 40 of the N.C. Rules of Appellate Procedure, we have consolidated these cases into one opinion.

*Rebekah W. Davis for plaintiff appellant.*

*No briefs filed for defendant appellee.*

GREENE, Judge.

Bernard Marvin LaValley (Plaintiff) appeals a custody order filed 21 December 2000 (COA01-965) and a child support order filed 27 July 2001 (COA01-1184).

On 27 June 1997, Plaintiff filed a complaint against his wife Waynie Felarca LaValley (Defendant), from whom he was separated, for custody of his daughter Jesselyn Felarca LaValley (Jesselyn) and child support for Jesselyn. On 6 August 1997, the parties entered into a "Memorandum of Order" (the Order) wherein they agreed to "shared custody" of Jesselyn and child support. The Order was signed by the parties, their attorneys, and a district court judge, "entered into the minutes of th[e] [trial] court," and filed in the clerk's office. The Order was "entered w[ith]o[ut] prejudice to either party" and stated "a more formal order" would be entered at a later date.[1]

On 9 July 1999, Plaintiff filed a "Motion in the Cause" (the Motion) seeking modification of the Order. The Motion was heard on 19 July 1999, and the trial court entered a "temporary" order granting the parties the "joint care, custody and control" of Jesselyn, with Plaintiff having primary custody. This order, which was also "entered without prejudice of either party," set "a trial on the merits" for "the August 16, 1999 term of Carteret County District Court." The hearing on the merits of the Motion was conducted at the "3 October 2000 non-jury term of the Carteret County District Court." In an order filed 21 December 2000, the trial court, applying a best interests test, concluded the parties would "share joint custody," with primary custody placed in Defendant. On 27 July 2001, the trial court filed a separate

---

1. This Court has recognized that orders of this type are valid and enforceable. *See Buckingham v. Buckingham*, 134 N.C. App. 82, 516 S.E.2d 869 (1999) (determining a memorandum of consent judgment signed by the parties and the trial court to be a final judgment).

order in which it concluded Defendant was entitled to child support in the amount of $439.29 per month and a child support arrearage of $3,953.61.

---

The dispositive issue is whether the Order is a final order requiring the trial court to first apply a substantial change of circumstances test in deciding the issue of custody raised by the Motion.[2]

If a child custody order[3] is final, a party moving for its modification must first show a substantial change of circumstances. *See Cole v. Cole*, 149 N.C. App. 427, 433, 562 S.E.2d 11, 14 (2002) (citing *Sikes v. Sikes*, 330 N.C. 595, 599, 411 S.E.2d 588, 590 (1992)). If a child custody order is temporary in nature and the matter is again set for hearing, the trial court is to determine custody using the best interests of the child test without requiring either party to show a substantial change of circumstances. *See id.* There is no absolute test for determining whether a custody order is temporary or final. An order entered without prejudice[4] to either party and/or the setting of the matter for hearing within a reasonable time are indicative of a temporary order. *See id.* (order entered without prejudice); *Cox v. Cox*, 133 N.C. App. 221, 233, 515 S.E.2d 61, 69 (1999) (order that did not state a "clear and specific reconvening time" determined to be permanent).

In this case, the Order was entered "w[ith]o[ut] prejudice to either party." It did not set any date for a court hearing on the custody issue, and the matter was not set before the trial court until almost two years later when the Motion was filed. The inclusion of the language "without prejudice" is sufficient to support a determination the Order was temporary. It was, however, converted into a final order[5]

---

2. While this issue was not raised on appeal, we exercise our discretion pursuant to Rule 2 of the North Carolina Rules of Appellate Procedure and suspend the Rules in order to decide this issue. *See* N.C.R. App. P. 2.

3. A determination of child custody is most properly classified as an order, rather than a judgment, because it is always subject to modification. *See Black's Law Dictionary* 846, 1123 (7th ed. 1999) (defining the terms "judgment" and "order").

4. When a temporary order is entered without prejudice in a custody proceeding, the trial court is required to ascertain the child's best interests at a subsequent hearing based only on the state of events that existed prior to the date of the temporary order. *See Black's Law Dictionary* 1603 (6th ed. 1990) (defining "without prejudice"). This serves to facilitate the entry of temporary custody orders between parties, as the parties will know that neither party will be advantaged by events occurring between the date of the temporary order and the hearing on the merits.

5. A temporary order is not designed to remain in effect for extensive periods of time or indefinitely, *see Cox*, 133 N.C. App. at 233, 515 S.E.2d at 69 (temporary orders

when neither party requested the calendaring of the matter for a hearing within a reasonable time after the entry of the Order.[6]

Accordingly, the trial court, in determining the issue of custody, was required to review the Motion under a substantial change of circumstances test. As it simply applied a best interests analysis, the 21 December 2000 custody order must be reversed. Furthermore, because the issue of custody must necessarily be decided before an award of child support can be entered, the 27 July 2001 support order must also be reversed.

Reversed and remanded.

Judges HUDSON and BIGGS concur.

───────────

are limited to reasonably brief intervals), and must necessarily convert into a final order if a hearing is not set within a reasonable time. We are careful to use the words "set for hearing" rather than "heard" because we are aware of the crowded court calendars in many of the counties of this State. A party should not lose the benefit of a temporary order if she is making every effort to have the case tried but cannot get it heard because of the case backlog.

6. Whether a request for the calendaring of the matter is done within a reasonable period of time must be addressed on a case-by-case basis. In this case, we simply hold that twenty-three months is not reasonable.