JOE F. SENNER, Plaintiff v. LISA SENNER, Defendant

No. COA02-1427

(Filed 4 November 2003)

1. **Child Support, Custody, and Visitation— temporary custody determination—passage of time—not converted to final—best interest of child applied**

   A child custody determination was a temporary order to which the best interest of the child standard applied rather than substantial change of circumstances standard. The original order remained temporary despite a twenty month delay from the first order to the filing for modification because the parties were attempting to negotiate an agreement during that period, and the order itself stated that it was entered without prejudice to either party. Moreover, there was a substantial change of circumstances in the marital status of the parties, the living circumstances and visitation experience of the parties, and plaintiff's interference with defendant's relationship with her sons.

2. **Child Custody, Support, and Visitation— child living with abuser—implied detrimental effect**

   The implied detrimental effect of a minor child living with his abuser is not too speculative to be considered, and there was sufficient evidence in a custody modification proceeding to show that contact with the abusive child was detrimental to the other children in the family.

3. **Child Custody, Support, and Visitation— extramarital affairs—children doing well—weight of evidence**

   There was no abuse of discretion in a child custody action where plaintiff asserted that the court did not properly weigh

defendant's extramarital affairs and that the children were thriving with plaintiff. The weight of the evidence in child custody actions is within the province of the trial court.

**4. Child Custody, Support, and Visitation— home state of children—implicit in evidence**

There was no error in the denial of a modification of a child custody order where there was no explicit finding that North Carolina is the children's home state. The original order had made such a finding, and the court here found facts which would have supported that conclusion. However, the best practice is for findings to expressly address jurisdiction.

**5. Child Custody, Support, and Visitation— evidence in another state—no objection or motion to continue at hearing**

There was no abuse of discretion in a proceeding to modify a child custody action in the denial of plaintiff's motion for a stay of the original action or a new trial. Although plaintiff contended that almost all of the evidence was in Texas and was not presented, or both, the court found that plaintiff had presented evidence and had made no objection or motion to continue regarding his ability to present evidence from Texas.

Judge CALABRIA concurring.

Appeal by plaintiff from order entered 24 June 2002 by Judge Jennifer M. Green in District Court, Wake County. Heard in the Court of Appeals 26 August 2003.

*Kurtz & Blum, PLLC, by Paula K. McGrann, for plaintiff-appellant.*

*Lynne M. Garnett, for defendant-appellee.*

WYNN, Judge.

Plaintiff-father, Joe F. Senner, appeals the 24 June 2002 order awarding primary custody of his two minor children to their defendant-mother, Lisa Senner. We uphold the trial court's order finding that the best interest of the children supported awarding primary custody to Ms. Senner.

Plaintiff and defendant married in 1992; had two children during their marriage; moved in 1998 from Texas to North Carolina; and separated on 5 December 1999 when defendant moved out of the marital

home. On 10 December 1999, plaintiff filed a complaint, which included a claim for custody of the children. One week later, plaintiff moved back to Texas with the children.

Under temporary consent orders dated 7 January 2000 and 10 March 2000, the trial court awarded (without prejudice to either party) primary custody of the children to plaintiff and weekend visitation rights to defendant. On 7 November 2001, defendant moved to modify custody alleging a substantial change in circumstances had occurred since entry of the March 2000 temporary consent order. By order dated 24 June 2002 *nunc pro tunc* 25 April 2002, the trial court concluded, *inter alia*, "It is in the best interests of the minor children that Defendant be awarded their primary custody." Plaintiff appeals.

---

On appeal, plaintiff asserts the trial court erroneously: (I) modified the March 2000 custody order under the best interest standard; (II) failed to find North Carolina was the home state for the children; and (III) denied plaintiff's Rule 59 and 60 motions to amend or grant relief.

[1] Plaintiff first asserts the trial court erred by considering the March 2000 custody order a temporary order under which the standard for determining custody would be the best interest of the children. Instead, plaintiff argues, the trial court should have found the March 2000 custody order to be a final order requiring the trial court to apply a substantial change of circumstances test in determining the issue of custody. To support this contention, plaintiff relies upon *LaValley v. LaValley*, 151 N.C. App. 290, 564 S.E.2d 913 (2002) for the proposition that the twenty-month delay from the March 2000 order until defendant filed her motion to modify in November 2001 was unreasonable; and, since the matter had not been set for hearing within a reasonable time, the "temporary consent order" was converted into a final order. We disagree.

An initial custody determination requires a custody award to such person "as will best promote the interest and welfare of the child." N.C. Gen. Stat. § 50-13.2 (2001). Subsequent modification of a custody order requires a "showing of changed circumstances. . . ." N.C. Gen. Stat. § 50-13.7 (2001). Generally, "[i]f a child custody order is temporary in nature and the matter is again set for hearing, the trial court is to determine custody using the best interests of the

child test without requiring either party to show a substantial change in circumstances." *LaValley v. LaValley*, 151 N.C. App. 290, 292, 564 S.E.2d 913, 915 (2002).

Under two recent cases, this Court held that an order is temporary if either (1) it is entered without prejudice to either party, (2) it states a clear and specific reconvening time in the order and the time interval between the two hearings was reasonably brief; or (3) the order does not determine all the issues. *Id.; Lamond v. Mahoney*, 159 N.C. App. 400, 403, 583 S.E.2d 656, 659 (2003) (citing *Brewer v. Brewer*, 139 N.C. App. 222, 228, 533 S.E.2d 541, 546 (2000)).

In the case at bar, the order stated that it was entered "without prejudice to either party." Thus, under *LaValley*, this language was "sufficient to support a determination the Order was temporary." *LaValley*, 151 N.C. App. at 292, 564 S.E.2d at 915.

Nonetheless, *LaValley* and *Brewer* further provide that where neither party sets the matter for a hearing within a reasonable time, the "temporary" order is converted into a final order. *Brewer v. Brewer*, 139 N.C. App. 222, 228, 533 S.E.2d 541, 546 (2000); *LaValley*, 151 N.C. App. at 292-93, 564 S.E.2d at 915. In *LaValley*, this Court explained the reasonableness of the time "must be addressed on a case-by-case basis" but held that under the facts present in *LaValley*, twenty-three months was unreasonable. *LaValley*, 151 N.C. App. at 293 n.6, 564 S.E.2d at 915 n.6. In *Brewer*, this Court held "that a year between hearings is too long 'in a case where there are no unresolved issues. . . .' " *Lamond*, 159 N.C. App. 400, at 403-04, 583 S.E.2d at 659 (quoting *Brewer*, 139 N.C. App. at 228, 533 S.E.2d at 546).

In this case, while plaintiff asserts the twenty-month period between the March 2000 order and the November 2001 filing for modification thereof was not reasonable, the record shows evidence that during that period of time, the parties were negotiating a new arrangement where she would move to Texas and the parties would share joint custody of the children on an alternating two-week basis. When those negotiations broke down, defendant sought a modification of the temporary custody order. In light of these facts, we hold that plaintiff has failed to show that the delay of twenty months in filing the motion for change of custody was unreasonable. Accordingly, we uphold the trial court's determination that the March 2000 temporary order did not convert into a permanent order.

Moreover, even assuming for the sake of argument, that the March 2000 order did convert into a final order requiring the trial court to apply the change of circumstances standard, we note that the trial court ruled alternatively that "a substantial change in circumstances has occurred since entry of the [March 2000] Consent Order for Custody which justifies a modification of that Order." Specifically, the trial court found as fact the following circumstances had changed since the March 2000 order: defendant has remarried and plaintiff is engaged to be married; defendant lives with her new husband; defendant had moved into a home with his fiancée, her two children, his oldest son, A.J. and the parties' sons, Dylan and Matthew; plaintiff interfered with defendant's relationship with her sons, by denying her visitation and telephone contact, failing to keep her updated as to their school activities and events, refusing to list defendant with the children's school and daycare thereby denying her access to the children's records, and lying about events in the children's lives. Plaintiff does not assert that these findings are not supported by competent evidence and accordingly, they are binding on appeal. *Koufman v. Koufman*, 330 N.C. 93, 97, 408 S.E.2d 729, 731 (1991) ("Where no exception is taken to a finding of fact by the trial court, the finding is presumed to be supported by competent evidence and is binding on appeal").

Moreover, again laboring under the assumption that the March 2000 temporary consent order converted into a final order, plaintiff asserts the trial court did not place the burden on defendant to prove a substantial change in circumstances. We disagree. Evidence supporting the findings was brought forth by defendant, and the trial court stated that based on the evidence and findings, a substantial change in circumstances occurred. The burden was placed on defendant, and the trial court found defendant met her burden. Therefore, even if the March 2000 order had converted into a final order, the trial court nevertheless found a substantial change in circumstances occurred, as required for custody modification. Thus, while we uphold the trial court's determination that the March 2002 order was a temporary order under which the standard of the best interest of the children applied, we further note that in this case, the order would withstand the greater burden of showing a change of circumstances even if it had converted into a permanent order.

[2] Plaintiff next asserts that there was insufficient evidence to show that contact between his minor son A.J. was detrimental to the minor children. The record shows that A.J. reportedly sexually abused one

of the younger children during the marriage of the parties, was removed from the residence, and returned to live with plaintiff and the children after the parties separated.

"In a custody proceeding, the trial court's findings of fact are conclusive on appeal if there is evidence to support them, even though the evidence might sustain findings to the contrary." *Rosero v. Blake,* 193 N.C. 193, 209, 581 S.E.2d 41, 51 (2003) (quoting *Owenby v. Young,* 357 N.C. 142, 147, 579 S.E.2d 264, 268 (2003). The court found a history of abuse between A.J. and one of the minor children. This finding is amply supported by defendant's exhibits containing the initial report of abuse. The trial court further found as fact the plaintiff did not recognize the seriousness of the abusive incidents, its impact on his younger child, or the impact on that child of living with his abuser. Plaintiff's testimony supports this finding.[1] "The court need not wait for any adverse effects on the child to manifest themselves before the court can alter custody." *Evans v. Evans,* 138 N.C. App. 135, 140, 530 S.E.2d 576, 579 (2000). We find the trial court's findings of fact are supported by the evidence and the implied detrimental effect of the minor child living with his abuser is not too speculative to be considered in support of the conclusion that a substantial change in circumstances had occurred since the March 2000 order.

**[3]** Plaintiff also asserts the court did not properly weigh defendant's extramarital affairs and the fact the children were thriving with plaintiff. However, in child custody determinations the weight of the evidence is within the province of the trial court, this Court's review is limited to abuse of discretion, and we find none. *Blackley v. Blackley,* 285 N.C. 358, 362, 204 S.E.2d 678, 681 (1974).

**[4]** Plaintiff next asserts the trial court erred in failing to make a finding of fact that North Carolina is the children's home state. The June 2002 order does not contain an explicit finding that North Carolina is the home state, however, the court made findings of fact which support the conclusion that North Carolina is the home state. *Foley v. Foley,* 156 N.C. App. 409, 413, 576 S.E.2d 383, 386 (2003) (a trial court

---

1. Plaintiff testified that he believed that defendant's emotional abuse of A.J. during the summer of 1998 when he lived with them caused A.J. to molest his step-brother, and that he was not as concerned about the event as defendant was, who demanded that A.J. be sent back to live with his mother following defendant's discovery of the abuse. Plaintiff testified that since defendant was no longer present to emotionally abuse A.J. he was not concerned about having A.J. live with him, although he admitted he would not let A.J. be alone with his step-brother.

must make specific findings of fact to justify jurisdiction). Moreover, the June 2002 order was a modification of the March 2000 order, which expressly found North Carolina was the home state of the minor children. Once a child custody determination is made, the State "has exclusive, continuing jurisdiction" unless: (1) neither parent has a significant connection with the State and substantial evidence is no longer available in the State; or (2) neither the child nor his parents reside in the State. N.C. Gen. Stat. § 50A-202(a) (2001). Since none of the events have occurred that would divest jurisdiction, the trial court properly had jurisdiction over this case. Therefore, although the best practice is for the findings of fact to expressly address jurisdiction, we find no error where the findings of fact are sufficient to support jurisdiction.

[5] Finally, plaintiff moved, pursuant to Rule 59 and 60 of the North Carolina Rules of Civil Procedure, for the trial court to stay the June 2002 order or grant a new trial on the basis that "[a]lmost all of the evidence regarding the best interests of the children including recent events and concerning current status of the children is in Texas and/ or was not presented to this court." The trial court denied this motion finding plaintiff had presented evidence in the form of both testimony of witnesses and exhibits at the hearing in April 2002, and made no objection or motion to continue with regard to his ability to present evidence from Texas. Review of plaintiff's motions is strictly for abuse of discretion, requiring this court to find " 'there was a substantial miscarriage of justice or that the decision is manifestly unsupported by reason.' " *Hooper v. Pizzagalli Construction Co.*, 112 N.C. App. 400, 407-08, 436 S.E.2d 145, 150 (1993) (rule 60); *Ollo v. Mills*, 136 N.C. App. 618, 624, 525 S.E.2d 213, 217 (2000) (Rule 59). Since we find the trial court's decision to deny plaintiff's motions was not manifestly unsupported by reason, we overrule this assignment of error.

In conclusion, we find that the trial court properly awarded custody to defendant under the best interest of the children standard. Moreover, even if the March 2000 temporary order had converted into a final order because of an unreasonable delay in filing the motion for change of custody, we would still hold that the trial court alternatively, albeit unnecessarily, found a substantial change in circumstances occurred. Since the trial court's findings of fact are amply supported by the evidence, they are conclusive on appeal. Accordingly, the order of the trial court is,

SENNER v. SENNER

[161 N.C. App. 78 (2003)]

Affirmed.

Judge HUDSON concurs.

Judge CALABRIA concurs in the result in a separate opinion.

CALABRIA, Judge, concurring.

Although I concur in the result, I write separately because I find the March 2000 custody order converted into a permanent order.

The majority correctly set forth North Carolina law, however I find it helpful to review the pertinent precedents. Under *LaValley*, a temporary order converts into a permanent order when "neither party request[s] the calendaring of the matter for a hearing within a reasonable time after the entry of the Order." *LaValley v. LaValley*, 151 N.C. App. 290, 292-93, 564 S.E.2d 913, 915 (2002). Although reasonableness must be determined on a case-by-case basis, twenty-three months was found to be unreasonable in *LaValley. Id.*, 151 N.C. App. at 293 & n.6, 564 S.E.2d at 915 & n.6. Moreover, we have previously held "that a year between hearings is too long 'in a case where there are no unresolved issues. . . .' " *Lamond v. Mahoney*, 159 N.C. App. 400, 404, 583 S.E.2d 656, 659 (2003) (quoting *Brewer v. Brewer*, 139 N.C. App. 222, 228, 533 S.E.2d 541, 546 (2000)).

The majority explains the delay from March 2000 until November 2001, twenty months, was reasonable because

> the record shows evidence that during that period of time, the parties were negotiating a new arrangement where [plaintiff] would move to Texas and the parties would share joint custody of the children on an alternating two-week basis. When those negotiations broke down, defendant sought a modification of the temporary order.[2]

I disagree with the majority that the parties' negotiations, comprising only seven months of the twenty-month period, were sufficient to extend the "reasonable time" within which a party may delay seeking a permanent order. In March 2000, the parties entered a con-

---

2. Defendant sought a "modification" of the March 2000 order believing that order was a permanent order and constituted the initial custody determination. However, since the majority determines the order remained temporary, defendant was, under that analysis, seeking an initial custody determination under N.C. Gen. Stat. § 50-13.2 and not a modification pursuant to N.C. Gen. Stat. § 50-13.7.

sent order leaving "no unresolved issues." This Court previously held that where there are no unresolved issues, a year between hearings is too long. *Brewer*, 139 N.C. App. at 228, 533 S.E.2d at 546. In the case at bar, the parties waited twenty months. Although the parties unsuccessfully attempted to negotiate a different arrangement, these discussions occurred during only seven months of the twenty-month period. Moreover, the parties lived with the arrangement for nine months, then negotiated a new order for seven months, and then again abided by the order for an additional four months before defendant asked the court to modify the March 2000 order. I simply cannot find that attempting to negotiate a new order in the middle of twenty months of compliance successfully tolls the "reasonable time" requirement and prevents a temporary order from converting into a permanent order. Rather, I find the parties failed to calendar the matter for a hearing within a reasonable time following entry of the March 2000 temporary order, and therefore the order converted into a permanent custody order. Since the trial court properly applied the substantial change in circumstances test required for modification of a permanent custody order, I concur with affirming the order of the court.

I also concur in the result that the trial court did not err in failing to make a finding of fact that North Carolina is the children's home state. The majority correctly states that findings of fact which support a conclusion that a given state is the home state under the Uniform Child-Custody Jurisdiction and Enforcement Act ("UCCJEA") although not preferred, are sufficient. However, the majority then goes on to support its conclusion as follows:

> Moreover, the June 2002 order was a modification of the March 2000 order, which expressly found North Carolina was the home state of the minor children. Once a child custody determination is made, the State "has exclusive, continuing jurisdiction" unless: (1) neither parent has a significant connection with the State and substantial.evidence is no longer available in the State; or (2) neither the child nor his parents reside in the State. N.C. Gen. Stat. § 50A-202(a) (2001). Since none of the events have occurred that would divest jurisdiction, the trial court properly had jurisdiction over this case.

Although the majority states the June 2002 order was a modification of the March 2000 order, the majority concludes the June 2002 order was not a modification under N.C. Gen. Stat. § 50-13.7 requiring a substantial change in circumstances. Despite this error in terminology,

MOORE v. F. DOUGLAS BIDDY CONSTR., INC.

[161 N.C. App. 87 (2003)]

the majority's analysis is supported by the fact that continuing, exclusive jurisdiction attaches when a court makes a "child-custody determination," which is defined to include "a permanent, temporary, initial, and modification order." N.C. Gen. Stat. § 50A-102(3) (2001). Accordingly, although the majority determined the March 2000 order was a temporary order, I agree the court nevertheless maintained continuing, exclusive jurisdiction thereafter.

I concur with the majority on all remaining issues.

