HUNTER, JR., ROBERT N., Judge.
 

 Kelly Renee Dancy, now known as Kelly Renee Laughter ("Plaintiff"), appeals from a district court order granting Anthony Shane Dancy ("Defendant") increased visitation with their daughter. We affirm the trial court.
 

 I. Factual and Procedural History
 

 The parties were married in Marshall, North Carolina on 28 June 2003 and lived together as husband and wife until 30 May 2006, at which time they separated and Defendant moved to California. They had one daughter who was born on 2 September 2004.
 

 On 30 May 2006, the parties executed a separation agreement that stated the following:
 

 11. Joint Custody.
 

 The parties shall share the joint legal care, custody, and control of the minor child of the parties. The Wife shall have the physical custody of said minor child, subject to Husband's rights of reasonable visitation. The parties shall make every reasonable effort to foster feelings of affection between themselves and the child recognizing that frequent and continuing association and communication of both parties with a child is in the furtherance of the best interests and welfare of the child....
 

 13. Child Support Monetary Amount.
 

 a. The Husband shall pay to Wife, as and for the support of the minor child of the parties, the sum of $265.00 per month.... Obligations to make the payments as set forth in this section for the support of a child shall cease when the child dies, reaches the age of 18, enters in to marriage, becomes emancipated, or ceases to be in the physical custody of custodial parent. If, however, a child
 reaches the age of 18, is unmarried and resides with custodial parent [and] is a full-time high school student, said support obligation shall continue as to said child, until the child marries, no longer resides with custodial parent, no longer is a full-time high school student, completes the 12th grade [or] attains age 20, whichever shall first occur....
 

 c. Modification. The parties further acknowledge that the child support required by this Agreement is only subject to modification by a court of competent jurisdiction upon a showing of substantial change of circumstances.
 

 In addition to settling child custody and support, the parties settled their property division in the agreement as well. The parties signed the agreement and filed it in Madison County, North Carolina on 9 May 2007.
 

 Plaintiff and Defendant obtained an absolute divorce on 15 August 2007, and the district court incorporated their settlement agreement into the divorce judgment. On 12 July 2011, Plaintiff filed a "motion for immediate, temporary and modification of permanent custody" and received an
 
 ex parte
 
 order granting her immediate custody. At the return hearing
 on 18 July 2011, the parties entered into a consent order that increased Defendant's visitation time with the child and recited the following:
 

 [T]his temporary agreement reached by and between the Parties is fair, just and reasonable and in the minor child's best interest and should be adopted by the Court.... Primary physical placement of the minor child shall remain with the Plaintiff in this matter, subject to visitation with the Defendant as is set out herein.... The parties agree to hold open the hearing on temporary custody set for July 20, 2011 in Yancey County, while they meet to attempt further settlement negotiations on all outstanding issues.
 

 At the custody hearing on 8 September 2011, the trial court accepted the consent order and issued an order entitled, "Order: Temporary and Permanent Custody." The trial court filed the order 14 September 2011 and found the consent order provisions were in the best interests of the child and awarded primary physical custody to Plaintiff. Pursuant to the consent order, the trial court awarded Defendant greater visitation during his military leave from 20 July 2011 to 24 July 2011, and visitation on Sundays thereafter using cell phones, Skype, and other correspondence. The order contemplated future visitation as follows:
 

 Provided the Defendant maintains regular Sunday contact with the minor child, then during the Summer of 2012, the Defendant shall exercise an uninterrupted period of visitation with the child, not to exceed two weeks, and which shall begin with two consecutive daytime visits from 10:00 a.m. until 6:00 p.m. Said two-week visitation shall be exercised within the state of North Carolina and the Defendant shall provide the Plaintiff with two months' advance notice of the visitation dates[.]
 

 Three years later, on 24 September 2014, Defendant filed a verified motion for permanent custody. Defendant alleged the following:
 

 6. That since the entry of [the 14 September 2011 order], the parties have continued Defendant's visitation with the minor child as provided in said Order, through [S]ummer 2012.
 

 7. That since [S]ummer 2012, the parties have continued Defendant's visitation with the minor child on an ad hoc basis, to wit:
 

 a. For [S]ummer 2013, Defendant was unable to travel to North Carolina and Plaintiff refused to allow the minor child to travel to California; and
 

 b. For [S]ummer 2014, the minor child traveled to California with her older half-sibling, who is not a party to this action but is also a resident of the State of North Carolina, and was also accompanied by Defendant on both legs of the trip to and from California, for a period of approximately 15 days.
 

 8. That Defendant's visits with the minor child have gone very well and that Defendant and the minor child desire to expand their visitations.
 

 9. That the custody order currently in effect does not provide for visitation between
 Defendant and the minor child beyond [S]ummer 2012.
 

 10. That the September 14, 2011 Custody Order is a temporary custody order in that said order did not determine all of the issues pertaining to child custody.
 

 In his motion, Defendant sought to modify the child custody agreement to afford him "substantial visitation" with his daughter, to account for the geographic distance between the parties. The matter was set for the June 2015 calendar in Madison County District Court.
 

 On 18 June 2015, the parties presented evidence and arguments to the trial court. The trial court entered a written order 2 July 2015 entitled, "Final and Permanent Child Custody Order." The order recited the following findings of fact and conclusions of law:
 

 Findings of Fact
 

 1. Defendant's Motion seeks to modify an existing temporary order and to establish a permanent child custodial arrangement....
 

 6. A temporary custody order was entered on September 14, 2011, which only provided a visitation arrangement through the summer of 2012. Thereafter the order did not set a custodial arrangement for the indefinite future.
 

 7. By mutual agreement of the parties, Defendant did exercise a period of visitation with the minor child, in California, during summer 2014. That visit went very well,
 and the minor child was accompanied by her older half-sister[ ].
 

 8. For the summer 2014 visit, Defendant flew to North Carolina to pick up the parties' minor child and to accompany her to California for the two-week visit, then flew back with the minor child to return her to North Carolina at the conclusion of the visit.
 

 9. Both parties have a close, loving relationship with the minor child....
 

 11. Since the summer 2014 visit, and until the present visit for this Court hearing, Defendant's contact with the child has been limited to telephone calls and text messages.
 

 12. Plaintiff is married and works as a house cleaner. Plaintiff and her current husband are very fit and suitable to share custody of the minor child.
 

 13. Defendant is a retired U.S. Marine, is remarried, and self-employed as an electrical contractor. Defendant is very fit and suitable to share custody of the minor child.
 

 14. It is in the best interests and welfare of the parties' minor child that she have a permanent custodial arrangement with the Defendant father.
 

 15. It is in the best interests and welfare of the parties' minor child that the parties share joint legal care, custody, and control of the minor child.
 

 Conclusions of Law
 

 1. That this Court has jurisdiction over the persons of Plaintiff, Defendant, and the parties' minor child.
 

 2. That it is in the best interests and welfare of the parties' minor child that she have a permanent custodial arrangement with the Defendant father.
 

 3. That it is in the best interests and welfare of the parties' minor child that the parties share joint legal care, custody, and control of the minor child.
 

 The trial court awarded primary physical custody to Plaintiff, ordered greater visitation to Defendant on holidays and school breaks, and specified the terms of visitation.
 

 Thereafter, Plaintiff timely filed her notice of appeal on 2 July 2015. She filed her Appellant brief and settled the record. Defendant has not participated in this appeal at all.
 

 II. Standard of Review
 

 "When reviewing a trial court's decision to grant or deny a motion for the modification of an existing child custody order, the appellate courts must examine the trial court's findings of fact to determine whether they are supported by substantial evidence."
 
 Shipman v. Shipman,
 

 357 N.C. 471
 
 , 474,
 
 586 S.E.2d 250
 
 , 253 (2003). "In addition to evaluating whether a trial court's findings of fact are supported by substantial evidence, this Court must determine if the
 trial court's factual findings support its conclusions of law."
 
 Id.
 
 at 475,
 
 586 S.E.2d at 254
 
 .
 

 "Whether a district court has utilized the proper custody modification standard is a question of law we review
 
 de novo.
 
 "
 
 Peters v. Pennington,
 

 210 N.C.App. 1
 
 ,
 
 707 S.E.2d 724
 
 (2011) (citations omitted). "Absent an abuse of discretion, the trial court's decision in matters of child custody should not be upset on appeal."
 
 Everette v. Collins,
 

 176 N.C.App. 168
 
 , 171,
 
 625 S.E.2d 796
 
 , 798 (2006).
 

 III. Analysis
 

 Plaintiff contends the trial court committed error when it (1) found the 14 September 2011 order was a temporary order, and (2) failed to apply the correct burden of proof. We disagree.
 

 Trial courts may issue child custody orders that are "temporary" or "permanent."
 
 Woodring v. Woodring,
 

 227 N.C.App. 638
 
 , 642,
 
 745 S.E.2d 13
 
 , 17 (2013). "The term 'permanent' is somewhat of a misnomer, because 'after an initial custody determination, the trial court retains jurisdiction of the issue of custody until the death of one of the parties or the emancipation of the youngest child.' "
 

 Id.
 

 (citations omitted).
 

 A party seeking modification of a permanent child custody order bears the burden of showing "a substantial change in circumstances has occurred, which affects the child's welfare."
 
 Karger v. Wood,
 

 174 N.C.App. 703
 
 , 705,
 
 622 S.E.2d 197
 
 , 200 (2005) (citation omitted). Conversely, "if a child custody order is temporary in nature and the matter is again set for hearing, the trial court is to determine custody using the best interests of the child test without requiring either party to show a substantial change in circumstances."
 
 Senner v. Senner,
 

 161 N.C.App. 78
 
 , 80-81,
 
 587 S.E.2d 675
 
 , 677 (2003) (quoting
 
 LaValley v. LaValley,
 

 151 N.C.App. 290
 
 , 292,
 
 564 S.E.2d 913
 
 , 915 (2002) );
 
 see also
 

 Woodring,
 

 227 N.C.App. at 643
 
 ,
 
 745 S.E.2d at 18
 
 .
 

 "A trial court's designation of an order as 'temporary' or 'permanent' is neither dispositive nor binding on an appellate court."
 
 Woodring,
 

 227 N.C.App. at 643
 
 ,
 
 745 S.E.2d at 18
 
 (citation omitted). A child custody order is temporary if (1) it is entered into without prejudice to either party; (2) it states a clear and specific reconvening time in the order and the time interval time between the two hearings was reasonably brief; or (3) the order does not determine all of the issues.
 

 Id.
 

 (citing
 
 Peters,
 

 210 N.C.App. at 13-14
 
 ,
 
 707 S.E.2d at
 
 734 );
 
 see also
 

 Senner,
 

 161 N.C.App. at 81
 
 ,
 
 587 S.E.2d at 677
 
 . If a child custody order does not meet any of these criteria, it is permanent.
 
 Peters,
 

 210 N.C.App. at 14
 
 ,
 
 707 S.E.2d at 734
 
 .
 

 First, the 14 September 2011 custody order does not state it is entered into with prejudice towards either party. However, we need not resolve this issue using only this prong.
 

 Second, the 14 September 2011 order does not state a specific reconvening time and date. This Court has held that a temporary order can be converted into a "final order" when "neither party sets the matter for a hearing within a reasonable time."
 
 Senner,
 

 161 N.C.App. at 81
 
 ,
 
 587 S.E.2d at
 
 677 (citing
 
 Brewer v. Brewer,
 

 139 N.C.App. 222
 
 , 228,
 
 533 S.E.2d 541
 
 , 546 (2000) (holding that one year between hearings is too long in a case with no unresolved issues);
 
 LaValley,
 

 151 N.C.App. at 293, n. 6
 
 ,
 
 564 S.E.2d at 915, n. 6
 
 (holding twenty-three months is an unreasonable time between hearings)). However, the passage of time alone will not convert a temporary order into a permanent order.
 
 See
 

 Senner,
 

 161 N.C.App. at 81
 
 ,
 
 587 S.E.2d at 677
 
 . In
 
 Senner,
 
 this Court held that a twenty-month passage of time was not unreasonable when the parties negotiated, albeit unsuccessfully, whether the child would move to Texas, and whether they would share joint custody on an alternating two-week basis.
 

 Id.
 

 In light of these ongoing negotiations, this Court held the plaintiff failed to show the defendant's twenty-month delay in filing a motion to modify was unreasonable.
 

 Id.
 
 Senner
 
 is similar to the case
 
 sub judice,
 
 in that the 14 September 2011 order never allowed the child to visit Defendant in California, yet the parties agreed to let her travel to California in Summer 2014. Because the
 parties continued to agree beyond the trial court's 14 September 2011 order, we hold the order was not converted into a permanent order.
 

 Third, the 14 September 2011 order does not resolve all of the issues. The order does state in its preamble that the parties "hav[e] reached an agreement on all pending custody issues and tendered this Consent Order to the Court." However, this Court has held that an order is temporary and does not resolve all issues when it fails to address a party's right
 to "ongoing visitation."
 
 See
 

 Woodring,
 

 227 N.C.App. at 644
 
 ,
 
 745 S.E.2d at 18
 
 (the temporary 2010 order at issue "provided father with only three specific instances of visitation in 2010" and "did not address father's ongoing visitation[.]");
 
 see also
 

 Smith v. Barbour,
 

 195 N.C.App. 244
 
 ,
 
 671 S.E.2d 578
 
 (2009). Here, the 14 September 2011 order only allowed Defendant to visit his daughter in person during his four-day military leave in July 2011, and again for two weeks during Summer 2012, provided that he maintain regular Sunday contact with his daughter and travel to North Carolina during Summer 2012. Under this arrangement, Defendant was only able to visit his daughter in person up to her eighth birthday, leaving his ongoing visitation rights to be effectuated via Skype and phone calls and texts. The 14 September 2011 order did not resolve all of the issues in this case. Accordingly, we hold the order is temporary and the trial court correctly proceeded to a best interests of the child analysis without burdening Defendant to show a substantial change in circumstances.
 

 After
 
 de novo
 
 review of the record, we hold the trial court utilized the proper custody modification standard-the best interests of the child analysis. The trial court's findings of fact supporting the custody modification are supported by substantial evidence presented by the parties. The findings of fact support the conclusion of law that the daughter's best interests and welfare are best served with a permanent custodial arrangement that includes substantial visitation with her father, Defendant.
 

 IV. Conclusion
 

 For the foregoing reasons we affirm the trial court.
 

 AFFIRMED.
 

 Judges STEPHENS and INMAN concur.