BERGER, Judge.
 

 *567
 
 Cristal A. Marsh ("Plaintiff") appeals from a child custody order entered on December 15, 2016 granting Timothy B. Marsh's ("Defendant") motion to modify child custody and denying Defendant's motion for attorney's fees. Plaintiff argues the trial court erred by entering the order without making sufficient findings of fact showing a substantial change in circumstances regarding the child's welfare since the entry of a child custody order on September 16, 2014. We disagree.
 

 *568
 

 Factual and Procedural Background
 

 Plaintiff and Defendant were married on August 5, 2000, and one minor child was born of the marriage. The parties separated on June 27, 2007, and executed a Separation and Property Settlement Agreement ("the Agreement") on March 3, 2009. On May 11, 2009, the trial court entered a divorce decree which incorporated the Agreement. The trial court's order set a visitation schedule between the parties that entitled Defendant to a "substantial and loving relationship with the child," with visitation to be mutually agreed upon by the parties. Defendant's initial visitation arrangement was every other weekend from Friday to Sunday.
 

 *531
 
 On July 25, 2014, Defendant filed a motion to modify child custody, for psychological assessments, and attorney's fees alleging a substantial change in circumstances concerning the visitation schedule and lack of consistent application of the Agreement in the May 2009 Order. Defendant's motion specifically alleged that Plaintiff had deprived Defendant of visitation with the minor child for extended periods of time in 2010 through mid-2011, and cut short pre-planned visits based on Plaintiff's schedule. In 2012, Defendant was only able to see the minor child on average once a month, and eventually not at all due to Plaintiff's refusal to respond to Defendant's emails, letters, and phone calls. In March 2014, Defendant attempted to visit the minor child, but Plaintiff refused to communicate with Defendant or honor the May 2009 Order and Agreement. In April 2014, Defendant contacted the minor child's doctor's office to review her medical records, and Plaintiff delayed giving medical information to Defendant. Defendant attempted to specifically contact the minor child on her birthday and holidays, including Christmas 2012 and 2013, but was never able to reach her. Defendant further requested psychological assistance with the minor child to help her develop a loving relationship with him after such a prolonged separation from her father.
 

 On August 19, 2014, the trial court denied Defendant's motion for a psychological assessment of both Plaintiff and the minor child for lack of evidence of a mental health disorder requiring an assessment. In the same order, the trial court mandated that both Plaintiff and Defendant attend mediation and a parenting class.
 

 On September 16, 2014, the trial court entered a "Temporary Child Custody Order" that granted primary custody to Plaintiff and visitation to Defendant. The September 2014 Order found that Defendant had been deprived of seeing the minor child for extended periods of time, and that the minor child was excited about seeing Defendant again regularly. Further, the trial court found that both parents were fit and proper to exercise temporary custody of the minor child. The September 2014 Order
 
 *569
 
 further set out a temporary visitation schedule for Defendant to exercise until further notice, and found that it was in the best interests of the minor child to have a relationship with both parents. The parties performed under the schedules outlined in the September 2014 Order until 2016.
 

 Defendant filed a second notice of hearing on his motion for modification of child custody and attorney's fees on August 31, 2015. The trial court conducted a hearing on Defendant's motions for modification of child custody and attorney's fees in September 2016. A permanent child custody order was entered on December 15, 2016 granting Defendant primary custody of the minor child and visitation to Plaintiff. Plaintiff timely appeals from the December 2016 Order.
 

 Standard of Review
 

 "[W]hether an order is temporary or permanent in nature is a question of law, reviewed on appeal de novo."
 
 Smith v. Barbour
 
 ,
 
 195 N.C. App. 244
 
 , 249,
 
 671 S.E.2d 578
 
 , 582,
 
 disc. review denied
 
 ,
 
 363 N.C. 375
 
 ,
 
 678 S.E.2d 670
 
 (2009) (citation omitted); see also
 
 File v. File
 
 ,
 
 195 N.C. App. 562
 
 , 567,
 
 673 S.E.2d 405
 
 , 409 (2009).
 

 Analysis
 

 Plaintiff argues that, although the September 2014 Order was labeled a temporary order, it was a permanent order because more than a "reasonably brief" amount of time had passed since the temporary order was entered, the order failed to set forth a specific reconvening date, and the order determined all issues relating to custody of the minor child. Plaintiff further contends the trial court erred by modifying the September 2014 Order without finding a substantial change in circumstances. We disagree.
 

 "An order is temporary if either (1) it is entered without prejudice to either party; (2) it states a clear and specific reconvening time in the order and the time interval between the two hearings was reasonably brief; or (3) the order does not determine all the issues."
 
 Peters v. Pennington
 
 ,
 
 210 N.C. App. 1
 
 , 13-14,
 
 707 S.E.2d 724
 
 , 734 (2011) (citations, quotation marks, and brackets omitted). "In its elementary sense the word 'or' ... is a disjunctive particle indicating that the various
 
 *532
 
 members of the sentence are to be taken separately."
 
 Grassy Creek Neighborhood Alliance, Inc. v. City of Winston-Salem
 
 ,
 
 142 N.C. App. 290
 
 , 297,
 
 542 S.E.2d 296
 
 , 301 (2001) (citation and internal quotation marks omitted). For the reasons discussed below, the September 2014 Order was entered without prejudice to either party, and was a temporary custody order. Accordingly, we do not need to address the remaining disjunctive elements of the permanency test.
 
 *570
 
 An order is "without prejudice" if it is entered "[w]ithout loss of any rights; in a way that does not harm or cancel the legal rights or privileges of a party."
 
 Without Prejudice
 
 , Black's Law Dictionary (8th ed. 2004);
 
 see also
 

 Senner v. Senner
 
 ,
 
 161 N.C. App. 78
 
 , 81,
 
 587 S.E.2d 675
 
 , 677 (2003) (holding the custody order was entered "without prejudice" because it contained express language stating as such);
 
 File
 
 , 195 N.C. App. at 568,
 
 673 S.E.2d at 410
 
 . A temporary custody order is not determinative of all material issues, and leaves open the possibility of a hearing on the merits for permanency.
 
 See
 

 Senner
 
 ,
 
 161 N.C. App. at 81
 
 ,
 
 587 S.E.2d at
 
 677 ;
 
 Brewer v. Brewer
 
 ,
 
 139 N.C. App. 222
 
 , 228,
 
 533 S.E.2d 541
 
 , 546 (2000) ;
 
 Lamond v. Mahoney
 
 ,
 
 159 N.C. App. 400
 
 , 404,
 
 583 S.E.2d 656
 
 , 659 (2003). "If a child custody order is temporary in nature and the matter is again set for hearing, the trial court is to determine custody using the best interests of the child test without requiring either party to show a substantial change of circumstances."
 
 LaValley v. LaValley
 
 ,
 
 151 N.C. App. 290
 
 , 292,
 
 564 S.E.2d 913
 
 , 915 (2002).
 

 Here, the trial court stated at the outset of the September 2014 Order, "[s]ince the [c]ourt placed time limits on the parties, the
 
 Findings of Fact
 

 will not be binding on the parties in future hearings
 
 ." (Emphasis added). In addition, Finding of Fact #9 indicates the court and the parties contemplated the September 2014 Order to be temporary:
 

 After the hearing last week, the parties were able to agree on some visitation. It was not as much as the Defendant would have desired. It was consistent with the Plaintiff's desire to have a gradual process. It began with 4 hours one Saturday, 24 hours the next weekend.
 

 The trial court made conclusions of law consistent with a temporary order:
 

 1. The mother is a fit and proper person to have temporary primary custody of the minor child ...
 
 pending further orders of the Court
 
 .
 

 2. The father is a fit and proper person to have
 
 temporary
 
 reasonable visitation with the minor child.
 

 3. It is in the best interest of the minor child that
 
 temporary
 
 primary custody remains with the mother[,] with the father having joint custody in the form of reasonable visitation.
 

 (Emphasis added).
 

 *571
 
 The September 2014 Order also recognized that "Defendant is still driving more, but in case the Plaintiff has trouble getting off work, the exchange is closer to her house and
 
 this is a temporary order
 
 ." (Emphasis added). Litigation continued between the parties after the entry of the temporary order regarding child custody, indicating the intent of the parties and trial court regarding the status of the case as ongoing.
 
 See
 

 Miller v. Miller
 
 ,
 
 201 N.C. App. 577
 
 , 580,
 
 686 S.E.2d 909
 
 , 912 (2009). Even though the trial court did not include express language in the order stating it was entered "without prejudice," it is clear from the plain language of the order that it was entered without the loss of rights, or otherwise prejudicial to the legal rights of either party. Consequently, we hold the September 2014 Order was a temporary custody order.
 

 The trial court was not required to find a substantial change in circumstances between the temporary September 2014 Order and the permanent December 2016 Order.
 
 See
 

 LaValley
 
 ,
 
 151 N.C. App. at 292
 
 ,
 
 564 S.E.2d at 915
 
 . The plain language of the September 2014 Order shows that it was both entered without prejudice to either party and did not fully adjudicate the facts concerning the best interests of the child. The custody arrangements were tailored to be an intermediate solution, not a permanent determination of custody and visitation, until the facts of the case could be fully adjudicated. Accordingly, the trial court did not err when entering the December 2016 Order and made the necessary
 
 *533
 
 findings of fact and conclusions of law considering the child's best interests.
 

 Conclusion
 

 The September 2014 Order was a temporary custody order as it was entered without prejudice to the parties in a way that does not harm or cancel their legal rights or privileges. Accordingly, the trial court did not err when entering the December 2016 Order.
 

 AFFIRMED.
 

 Judges DAVIS and ZACHARY concur.