CAVELL A. PARRISH v. DAVID WAYNE COLE

No. 7710DC968
No. 7710DC1029

(Filed 21 November 1978)

1. **Appeal and Error § 16; Rules of Civil Procedure § 52— notice of appeal—subsequent motion to amend findings**

A notice of appeal does not bar a subsequent timely motion to amend the court's findings of fact pursuant to G.S. 1A-1, Rule 52(b).

2. **Divorce and Alimony §§ 24.1, 24.10— child support—portion of annual bonus—expenses of child after majority**

The trial court did not err in ordering defendant father to pay a percentage of his annual bonus into an account for the support of his children; however, the court erred in ordering that any surplus funds in the account be used for the education of each child after the child reaches the age of eighteen, and that each child is to receive his portion of the surplus upon reaching the age of twenty-one.

APPEAL by defendant from *Bullock, Judge*. Order entered 21 September 1977; Amendment to Order entered 2 November 1977 in District Court, WAKE County. Heard in the Court of Appeals 29 August 1978.

Plaintiff, Cavell Parrish, brought an action against defendant, David Wayne Cole, seeking child support for their two minor children. The only contested issue at trial was the amount of support to be awarded. The court directed defendant to pay the sum of $185.00 per month per child from his net monthly wages and, in addition, thirty-five percent of any net bonus received by the defendant from his employer. In paragraph 14 of the order, the court made the following provisions: the funds from the bonus are to be placed in an interest bearing savings account; any surplus funds are to be used for the education of each child after that child reaches age eighteen. Upon reaching age twenty-one, each child is to receive any surplus funds in his portion. When the oldest child reaches age eighteen the percentage of the bonus is to be reduced to twenty-five percent. The plaintiff was ordered to give a complete accounting of the use of these funds to the defendant.

On 22 September 1977, the defendant, David Wayne Cole, filed notice of appeal.

On 26 September 1977, within ten days of the entry of judgment, the plaintiff, Cavell Parrish, filed a motion, pursuant to Rule 52(b) of the North Carolina Rules of Civil Procedure, to amend the findings of fact to include findings as to the reasonable needs of the children and their expenses, the earning capacity of the defendant, the assets and liabilities of the defendant, and the plaintiff's income and ability to defray the expenses of this action. On 2 November 1977, the court amended its order of 21 September 1977 to include these additional findings of fact based upon the evidence produced at trial.

The defendant appeals from both orders contending that the court had no jurisdiction to amend its order as a notice of appeal had been filed and that the imposition of this percentage of income is improper.

*Tharrington, Smith & Hargrove, by J. Harold Tharrington and Steven L. Evans, for plaintiff appellee.*

*Ragsdale & Kirschbaum, by William L. Ragsdale, for defendant appellant.*

VAUGHN, Judge.

[1] Defendant contends that the amendment to the order was improper because the trial court lacked jurisdiction. The issue presented is whether a notice of appeal bars a subsequent but timely motion to amend the findings of fact pursuant to Rule 52(b) of the North Carolina Rules of Civil Procedure. Rule 52(b) states that "[u]pon motion of a party made not later than 10 days after entry of judgment the court may amend its findings or make additional findings and may amend the judgment accordingly. The motion may be made with a motion for a new trial pursuant to Rule 59." Although the general rule has been that a timely notice of appeal removes jurisdiction from the trial court and places it in the appellate court, *Machine Co. v. Dixon*, 260 N.C. 732, 133 S.E. 2d 659 (1963), we feel that the best result is reached by holding that a notice of appeal will not bar a party from making a timely motion pursuant to Rule 52(b).

North Carolina's Rule 52(b) mirrors Rule 52(b) of the Federal Rules of Civil Procedure; thus federal court decisions are pertinent. The Seventh Circuit, in *Elgen Manufacturing Corporation v. Ventfabrics, Inc.*, 314 F. 2d 440 (1963), faced a situation similar to the present case. In *Elgen*, the defendant, pursuant to Rule 52(b), timely moved to delete or amend a finding of fact after the plaintiff had filed notice of appeal. The Court acknowledged established precedent that filing of a notice of appeal terminates the jurisdiction of the trial court except insofar as jurisdiction is reserved by statute or rule. The Court continued, however, to qualify this rule by stating that "we have never held that a quick filing of notice of appeal by one party could defeat the adverse party's right to have the district court consider the merits of a timely filed motion under Rule 52(b)." 314 F. 2d at 444. *But see Fiske v. Wallace*, 115 F. 2d 1003 (8th Cir. 1940), *cert. den.*, 314 U.S. 663 (1941). We believe this approach is sound when considered in light of the results if a 52(b) motion is barred.

As stated by Professor Wright, "the primary purpose of Rule 52(b) is to enable the appellate court to obtain a correct understanding of the factual issues determined by the trial court." C. Wright, *Law of Federal Courts*, § 96, at 478 (3d ed. 1976). If a trial court has omitted certain essential findings of fact, a timely motion under Rule 52(b) can correct this oversight and avoid remand by the appellate court for further findings and, perhaps, avoid multiple appeals. Furthermore, a Rule 52(b) motion must be made within ten days, a period which cannot be expanded by the trial judge. Rule 6(b), North Carolina Rules of Civil Procedure. Thus, a party must make a motion under Rule 52(b) within ten days or his motion will be barred. This ten day grace period is unlikely to disrupt the appellate process. A complete record on appeal, resulting from a Rule 52(b) motion, will provide the appellate court with a better understanding of the trial court's decision, thus promoting the judicial process.

This result does not prejudice the defendant because he has not lost his right of appeal. Rule 3(c) of the North Carolina Rules of Appellate Procedure provides that a motion pursuant to Rule 52(b) tolls the ten day period for notice of appeal. This period begins to run anew upon entry of the order on that motion. If a party objects to the new or amended findings, he may still appeal. If, however, the amended findings overcome his objections, the necessity of appeal has been removed.

We also note that a trial judge will often announce his decision prior to writing his order. If an oral notice of appeal is given as the decision is announced, the trial judge continues to have jurisdiction to write his order. Allowing the ten day period for a 52(b) motion does not significantly differ from this process.

In the present case, allowing the 52(b) motion and the resulting amendment to the order is reasonable. The original findings of fact were deficient in that they did not set forth the needs of the children, the earning capacity of the defendant, or establish a basis for awarding attorney's fees. If the amendment to the order were not allowed, the case would have to be remanded for further findings, thus opening the door to additional appeals. Allowing a 52(b) motion in this case gives the plaintiff her opportunity to reform the findings of fact and does not prejudice the defendant.

The defendant, in objecting to the 52(b) motion, relies on *Wiggins v. Bunch*, 280 N.C. 106, 184 S.E. 2d 879 (1971). *Wiggins* is distinguishable in that the Supreme Court was ruling on a Rule 60(b)(2) motion which can be made within *one year* of the entry of judgment. A motion under Rule 60(b) does not toll the time for notice of appeal as does a Rule 52(b) motion. Rule 3(c), North Carolina Rules of Appellate Procedure. Thus a Rule 60(b) motion has a greater potential for disrupting the appellate process because an appeal may have been substantially advanced at the time the motion is made. Under Rule 52(b), the time limit is ten days and the notice of appeal period does not begin to run until entry of an order upon that motion. This scheme results in a system in which the trial court has jurisdiction to reform, amend, or alter its decision prior to an appeal in order to give the appellate court a clearer understanding of the trial court's decision. We, therefore, hold that a timely motion, pursuant to Rule 52(b), will not be barred by an earlier notice of appeal.

[2] Defendant also excepts to that part of the order directing him to pay a percentage of his annual bonus into an account for the use of his children. In undisputed findings of fact the court found that $361.75 was needed monthly for the support of each child and that plaintiff was without the means to support them. It was well within the judge's discretion to order defendant to pay $185.00 of the amount monthly and allow a portion of the deficit to be paid annually from defendant's bonus. The court, however, was without the power to, in effect, attempt to create a savings account for the use of the children after they reach legal maturity at the age of 18. The judgment is, therefore, modified by striking therefrom paragraph 14 and all subparagraphs thereof of the findings of fact and paragraph 5 and all subparagraphs thereof of the adjudicative part of the judgment. The result is that defendant will provide thirty-five percent of his annual bonus for the support of his children as ordered by the court. If it should subsequently appear that all of that amount is not needed for the support of his children, defendant will be at liberty to make an appropriate motion in the cause to reduce his obligation. Except as modified here, the judgment is affirmed.

Modified and affirmed.

Judges MARTIN (Robert M.) and MITCHELL concur.