HAMPSON, Judge.
 

 *525
 

 *443
 

 Factual and Procedural Background
 

 Leroy Bolger (Defendant) appeals from three seVparate Orders: (A) Modifying Permanent Child Support; (B) Denying in part his Motion to Reconsider and Revise the Order Modifying Permanent Child Support
 
 *444
 
 filed under N.C.R. Civ. P. 52, 59 and 60 ; and (C) Reconsidering and revising the Order Modifying Permanent Child Support. The Record before us demonstrates the following relevant facts:
 

 Defendant and Shaneekqua Simms (Plaintiff) are the parents of a minor child born in 2009. In July 2006
 
 [1]
 
 , prior to his relationship with Plaintiff, Defendant was injured in a work-related car accident when the vehicle in which he was a passenger was struck head on by a stolen car. Defendant has been disabled and unable to work ever since. Defendant received weekly temporary total workers' compensation benefits following his accident.
 

 At some point in 2009, the State of North Carolina, on Plaintiff's behalf, initiated this action against Defendant seeking to establish paternity of the minor child, establishing Defendant's child support obligation and seeking medical insurance.
 
 [2]
 
 On 26 May 2010, the Mecklenburg County District Court entered an Order establishing Defendant's paternity of the minor child, setting his child support obligation at $ 349 per month, with arrearages and fees for the DNA test, and requiring him to pay 24% of uninsured medical expenses for the child.
 

 On 13 July 2011, Defendant,
 
 pro se
 
 , filed a Motion for Modification of Child Support alleging he was no longer receiving weekly Workers' Compensation benefits. He attached a copy of a North Carolina Industrial Commission Order Approving and Agreement for Partial Compromise Settlement and Release (Workers' Comp settlement). The Workers' Comp settlement disclosed Defendant had received third-party settlement funds of $ 606,666.67. Defendant settled the disability portion of
 
 *445
 
 his workers' compensation case for a $ 292,500 lump sum award which included an attorneys' fee. Future medical expenses were left open. Defendant received a net amount of $ 826,041.67 from these settlements and deposited the amount of $ 793,976.42 into an investment account (Baird Account) which he uses to generate interest and dividend income as his primary source of income.
 

 On 19 September 2011, Plaintiff filed a verified Motion seeking,
 
 inter alia
 
 , modification of child support and attorneys' fees. The parties' respective motions for modification of child support both filed in 2011 were not heard until 25 October 2016. The trial court entered its Order Modifying Permanent Child Support and Awarding Attorneys' Fees on 2 June 2017 (June Order).
 

 In the June Order, the trial court found Defendant had received non-recurring income in the amount of $ 826,041.67. The trial court further found Defendant's current monthly income, comprised of interest and dividend income, Social Security income, and
 
 *526
 
 Social Security child benefit, was $ 5,485. Based on this, the trial court calculated Defendant's child support obligation under the North Carolina Child Support Guidelines (the Guidelines) to be $ 1,004.78 per month. Factoring in Social Security benefits paid directly to Plaintiff for the child as a result of Defendant's disability, this resulted in the trial court ordering Defendant to pay $ 702.78 per month in prospective child support. The trial court further determined, based on the modified child support award and giving Defendant credits for payments made and Social Security Benefits paid for the child, Defendant owed an arrearage of $ 36,443.04 for the time period between the time Plaintiff filed her motion and entry of the June Order. The trial court also ordered Defendant to make a lump sum payment from his non-recurring income in the Baird Account of $ 156,947.91 to be placed in trust for the child. Additionally, the trial court awarded Plaintiff $ 25,000 in attorneys' fees.
 

 On 12 June 2017, Defendant filed a Motion to "Reconsider and Revise" the June Order, seeking relief under Rules 52, 59, and 60 of the North Carolina Rules of Civil Procedure. Defendant's Motion requested: (1) the trial court correct an error stemming from Defendant's financial affidavit resulting in his Social Security income being counted twice in his current monthly income; (2) the trial court reconsider his ongoing child support obligation in light of the fact the lump sum payment of support and attorneys' fees from the Baird Account would have a corresponding impact on his monthly income; and (3) modification of the requirement the funds be placed in a trust account.
 

 *446
 
 Defendant's Motion was heard on 17 July 2017 and the trial court rendered its ruling allowing Defendant's Motion in part and setting the case for rehearing on 27 July 2017. On 27 July 2017, the trial court entered its Order on Defendant's Motion to Reconsider and Revise the June Order (July Order). In the July Order, the trial court granted Defendant's Motion in part: granting a new trial on the "double counting" of Defendant's Social Security benefits; re-addressing the lump sum distribution to a trust account; and consideration of an additional award of attorneys' fees. The trial court denied Defendant's request to reconsider his child support obligation in light of the reduction in principal in the Baird Account. The same day, Defendant filed a motion requesting the trial court deviate from the Guidelines. The trial court denied this motion. The trial court held its new hearing, and on 20 November 2017 entered a written Order (November Order).
 

 In the November Order, the trial court revised its finding of Defendant's monthly income to $ 4,455. Under the Guidelines and applying a credit for Social Security payments, the trial court ordered Defendant to pay prospective child support in the amount of $ 553.35 per month. The trial court also recalculated Defendant's arrearages from September 2011 through entry of its Order. Rather than calculate Defendant's arrearages based on his current income, the trial court used Defendant's income for each individual year from 2011 through November 2017.
 

 The trial court's November Order modified the lump sum award of support from the Baird Account, requiring it be placed in an account bearing both the names of Plaintiff and the child, with Plaintiff being named custodian of the account. Further, the trial court awarded Plaintiff additional attorneys' fees of $ 16,240.
 

 Appellate Jurisdiction
 

 The November Order serves as a final judgment in this case resolving all pending issues. In his timely Notice of Appeal, Defendant expressly preserves his appeal from the June, July, and November Orders. Consequently, Defendant's appeal is properly before this Court. N.C. Gen. Stat. § 7A-27(b)(2) (2017).
 

 Issues
 

 Defendant presents the following issues for review: (I) Whether the trial court erred in concluding there was a substantial change in circumstances justifying a modification of child support; (II) Whether the trial court erred in making its lump sum award of child support without
 
 *447
 
 deviating from the Guidelines; (III) Whether the trial court erred in ordering the lump sum amount to be held in a custodial account for the child; (IV)
 
 *527
 
 Whether the trial court erred in calculating Defendant's arrearages based on his historical income in each individual year; and (V) Whether the trial court abused its discretion in awarding Plaintiff attorneys' fees.
 

 Standard of Review
 

 "Child support orders entered by a trial court are accorded substantial deference by appellate courts and our review is limited to a determination of whether there was a clear abuse of discretion."
 
 Leary v. Leary
 
 ,
 
 152 N.C. App. 438
 
 , 441,
 
 567 S.E.2d 834
 
 , 837 (2002). "In a case for child support, the trial court must make specific findings and conclusions. The purpose of this requirement is to allow a reviewing court to determine from the record whether a judgment, and the legal conclusions which underlie it, represent a correct application of the law."
 
 Id
 
 . at 441-42,
 
 567 S.E.2d at 837
 
 (citations omitted).
 

 Analysis
 

 I.
 
 Substantial Change of Circumstances
 

 Defendant contends the trial court erred in concluding a substantial change of circumstances existed warranting modification of Defendant's ongoing child support obligation. Defendant argues Plaintiff's allegations of increased daycare expenses for the child and Defendant's increased income cannot constitute a substantial change in circumstances. Defendant, however, had himself alleged a substantial change of circumstances resulting from the settlement of his Workers' Compensation claim and resulting termination of monthly temporary disability payments.
 

 N.C. Gen. Stat. § 50-13.7
 
 , governing modification of child support orders, provides in relevant part: "an order of a court of this State for support of a minor child may be modified or vacated at any time, upon motion in the cause and a showing of changed circumstances by either party ...."
 
 N.C. Gen. Stat. § 50-13.7
 
 (a) (2017). It is true our Courts have held an increase in the payor's income alone is not enough to prove a change of circumstances to support modification of child support.
 
 Thomas v. Thomas
 
 ,
 
 134 N.C. App. 591
 
 , 595-96,
 
 518 S.E.2d 513
 
 , 516 (1999). However, our Courts have also recognized an increase in the payor's income may be a factor in determining changed circumstances when taken in context of changes in the child's needs.
 
 See, e.g.,
 

 Gibson v. Gibson
 
 ,
 
 24 N.C. App. 520
 
 , 523,
 
 211 S.E.2d 522
 
 , 524 (1975) (an increase in support was properly justified by a showing of increased support costs and substantially increased spendable income of the payor).
 

 *448
 
 Here, the trial court's findings were not focused on Defendant's increased income, but instead related to the fact Defendant had settled his Workers' Compensation and third-party claim resulting in two large distributions and cessation of his monthly Workers' Compensation benefits, the child's expenses for day care and health insurance, which had both increased since the prior Order, along with the total reasonable needs of the child, and the disability benefit Plaintiff receives on behalf of the child, which had increased to $ 302 from $ 10 at the time of the initial Order. We conclude the totality of the trial court's findings in this case support the conclusion there had been a substantial change in circumstances since the initial child support Order entered in May 2010. Consequently, the trial court did not abuse its discretion in modifying Defendant's monthly child support obligation.
 

 II.
 
 Lump Sum Child Support Payment
 

 A. Non-Recurring Income
 

 Defendant also contends the trial court abused its discretion in ordering him to make a lump sum child support payment under the Guidelines from the settlement funds he received arising from his 2005 work-related accident.
 

 Under
 
 N.C. Gen. Stat. § 50-13.4
 
 , a trial court is generally required to "determine the amount of child support payments by applying the presumptive guidelines ...."
 
 N.C. Gen. Stat. § 50-13.4
 
 (c) (2017). Income is broadly defined under the Guidelines as:
 

 "Income" means a parent's actual gross income from any source, including but not limited to income from employment or self-employment (salaries, wages, commissions, bonuses, dividends, severance pay, etc.), ... retirement or pensions, interests,
 
 *528
 
 trusts, annuities, capital gains, Social Security benefits, workers compensation benefits, unemployment insurance benefits, disability pay and insurance benefits, gifts, prizes and alimony or maintenance received from persons other than the parties to the instant action.
 

 2019 Ann. R. 53. The Guidelines further provide, "[w]hen income is received on an irregular, non-recurring, or one-time basis, the court may average or prorate the income over a specified period of time
 
 or require an obligor to pay as child support a percentage of his or her non-recurring income that is equivalent to the percentage of his or her recurring income paid for child support
 
 ."
 

 Id.
 

 (emphasis added). "Child support set in accordance with the Guidelines 'is conclusively
 
 *449
 
 presumed to be in such amount as to meet the reasonable needs of the child and commensurate with the relative abilities of each parent to pay support.' "
 
 Spicer v. Spicer
 
 ,
 
 168 N.C. App. 283
 
 , 286,
 
 607 S.E.2d 678
 
 , 681 (2005) (quoting
 
 Buncombe Cty. ex rel. Blair v. Jackson,
 

 138 N.C. App. 284
 
 , 287,
 
 531 S.E.2d 240
 
 , 243 (2000) ).
 

 As a result of his Worker's Compensation and third-party settlements, Defendant received the net amount of $ 826,041.67. The trial court classified this as "non-recurring income[.]" The trial court, applying the Guidelines, found Defendant had the "ability to transfer a lump sum of 19%, or $ 156,947.91," of that income for the benefit the child.
 

 Defendant first questions whether the settlement payments should constitute "current income" for purposes of calculating child support, as the payouts occurred in 2011 and the initial hearing on child support modification did not occur until 2016. Defendant's contention only underscores the correctness of the trial court's finding these disbursements to Defendant constituted
 
 non-recurring
 
 income to him.
 
 See
 

 Spicer
 
 ,
 
 168 N.C. App. at 290
 
 ,
 
 607 S.E.2d at 684
 
 . Defendant makes no argument that the settlement payouts did not constitute income to him or that the lump sum amount was calculated incorrectly. Thus, we conclude the trial court acted within its discretion to find the settlement payouts to Defendant, in this case, constituted non-recurring income to him subject to application of the Guidelines.
 

 B. Denial of Motion to Deviate from the Guidelines
 

 On 27 July 2017, the day of the rehearing, Defendant filed a Motion requesting a deviation from the Guidelines as it related to the non-recurring income contending the Guidelines approach would exceed the reasonable needs of the child.
 
 [3]
 

 N.C. Gen. Stat. § 50-13.4
 
 (c) provides:
 

 upon request of any party, the Court shall hear evidence, and from the evidence, find the facts relating to the reasonable needs of the child for support and the relative ability of each parent to provide support. If, after considering the evidence, the Court finds by the greater weight of the evidence that the application of the guidelines would not
 
 *450
 
 meet or would exceed the reasonable needs of the child considering the relative ability of each parent to provide support or would be otherwise unjust or inappropriate the Court may vary from the guidelines.
 

 N.C. Gen. Stat. § 50-13.4
 
 (c). Here, between the June and November Orders, the trial court made findings regarding both the needs of the child and each parent's relative ability to provide support. The trial court did not find application of the Guidelines would be unjust or inappropriate. Moreover, the trial court is "not
 
 required
 
 to deviate from the guidelines no matter how compelling the reasons to do so[.]"
 
 Pataky v.
 

 Pataky
 
 ,
 
 160 N.C. App. 289
 
 , 303,
 
 585 S.E.2d 404
 
 , 413 (2003). Therefore, the trial court did not abuse its discretion in declining to deviate from the Guidelines.
 

 *529
 

 C. Consideration of the Lump Sum Award on Defendant's Future Income
 

 Defendant next contends the trial court abused its discretion in both awarding the lump sum child support payment from the Baird Account and requiring Defendant to pay ongoing monthly child support without considering the impact of the lump sum award on Defendant's future income and impact on Defendant's disability and health.
 

 In
 
 Spicer
 
 , this Court addressed similar arguments. In
 
 Spicer
 
 , the father-payor was also seriously injured in a motor vehicle accident and received a lump sum settlement that was held in a trust to provide income to him. Mr. Spicer, like Defendant, contended the trial court should not have invaded the trust principal and also awarded monthly child support payments from his recurring income. This Court recognized the broad discretion granted to trial courts to devise a child support award in light of the circumstances of all the parties, including Mr. Spicer's disability and potential future medical care.
 
 Spicer
 
 ,
 
 168 N.C. App. at 290
 
 ,
 
 607 S.E.2d at 684
 
 . This Court held the trial court did not err "when it sought to supplement the funds available for the child's support by invading the trust principal."
 
 Id
 
 . at 291,
 
 607 S.E.2d at 684
 
 .
 

 Our Court further noted:
 

 This Court has previously held that a trial court "is not limited to ordering one method of payment to the exclusion of the others provided in the statute. The Legislature's use of the disjunctive and the phrase 'as the court may order' clearly shows that the court is to have broad discretion in providing for payment of child support orders."
 

 *451
 

 Id.
 
 at 291,
 
 607 S.E.2d at 684
 
 (quoting
 
 Moore v. Moore
 
 ,
 
 35 N.C. App. 748
 
 , 751,
 
 242 S.E.2d 642
 
 , 644 (1978) ). Thus, we held the trial court did not err by determining the "child support obligation could be fulfilled by requiring income from both monthly payments and a lump sum award."
 
 Id.
 
 at 292,
 
 607 S.E.2d at 684
 
 . Likewise, we conclude in this case, the trial court did not abuse its discretion in awarding child support that included both monthly payments and a lump sum award.
 

 Defendant argues the trial court erred by denying his Motion to Reconsider and Revise as to the calculation of his income. He contends his future interest and dividend income will be proportionately impacted by the reduction in the Baird Account principal from the lump sum, arrearage, and attorneys' fees payments. However, "[i]t is well established that child support obligations are ordinarily determined by a party's actual income at the time the order is made or modified."
 
 Ellis v. Ellis
 
 ,
 
 126 N.C. App. 362
 
 , 364,
 
 485 S.E.2d 82
 
 , 83 (1997).
 

 Here, the trial court applied Defendant's current income at the time of the hearing to calculate his future ongoing monthly child support payments. We conclude the trial court did not abuse its discretion in so doing where there was no evidence as to the actual impact on Defendant's future income from the lump sum payments. Moreover, the trial court pointed out, and we agree, once the actual impact on Defendant's income is realized, it may well support a new motion to modify Defendant's child support obligation. Consequently, the trial court did not abuse its discretion in making its award of lump sum and ongoing monthly child support payments.
 

 III.
 
 Direction of Payment to a Custodial Account
 

 In the November Order, the trial court modified the June Order which required Defendant to use the lump sum award to establish a trust account for the minor child, with Plaintiff as trustee. In the November Order, the trial court instead directed Defendant to transfer the lump sum to an account in the names of both Plaintiff and the child, with Plaintiff named custodian of the account.
 

 The trial court modified its June Order based on this Court's holding in
 
 Parrish v. Cole
 
 . In
 
 Parrish
 
 , this Court struck a provision of a child support order that required payment of a portion of the payor's annual bonus into an interest bearing savings account with any surplus accruing directly to the child once they turned 18 years old. This Court held "The [trial] court, however, was without the power to, in effect, attempt to
 
 *530
 
 create a savings account for the use of the children after they reach
 
 *452
 
 legal maturity at the age of 18."
 
 Parrish v. Cole
 
 ,
 
 38 N.C. App. 691
 
 , 695,
 
 248 S.E.2d 878
 
 , 880 (1978).
 

 We are sensitive to the trial court's efforts to balance the two competing interests of (1) ensuring a portion of the benefits received by Defendant are used for the benefit of the child; while (2) ensuring Plaintiff, herself, does not receive unfettered benefit of any surplus funds intended for the child. However, in the context of
 
 Parrish
 
 , we are unable to discern any difference between the trust account utilized in the June Order and the custodial account required by the November Order.
 
 See
 

 Belk ex rel. Belk v. Belk
 
 ,
 
 221 N.C. App. 1
 
 , 14,
 
 728 S.E.2d 356
 
 , 364 (2012) (citing numerous authorities "recognizing the parallels between a custodial account established under UTMA and a formal trust, especially noting the similarity between the rights and duties of an UTMA custodian and a trustee"). Thus, as the custodial account contemplated by the November Order is an attempt to create a savings account for the use of the child after the child reaches legal maturity at the age of 18 or is otherwise emancipated, we conclude the trial court erred in directing payment of child support to a custodial account for the benefit of the child, and reverse and remand.
 

 The parties frame this argument around the question of who should be properly designated as a recipient of child support under
 
 N.C. Gen. Stat. § 50-13.4
 
 (d). However,
 
 Parrish
 
 focuses more on the purpose of our child support statute: to provide support for the child
 
 prior
 
 to the child's emancipation, not after.
 
 See
 

 N.C. Gen. Stat. § 50-13.4
 
 (b) (primary liability for support of a minor child);
 
 N.C. Gen. Stat. § 50-13.4
 
 (c) (defining when child support terminates).
 

 This is why the error in creating a custodial account is not harmless. Here, the trial court's Order establishes a custodial account that would result in surplus funds being directed to the child upon emancipation under the terms of the custodial account. Instead, the funds should be ordered directed to the benefit of the minor child no differently than in any other child support award. Like in
 
 Parrish
 
 , "[i]f it should subsequently appear that all of that amount is not needed for the support of his child[ ], [D]efendant will be at liberty to make an appropriate motion in the cause to reduce his obligation."
 
 Parrish
 
 ,
 
 38 N.C. App. at 695
 
 ,
 
 248 S.E.2d at 880
 
 .
 

 IV.
 
 Calculation of Defendant's Child Support Arrearage
 

 Defendant next challenges the trial court's calculation of his child support arrearage owed from the date of Plaintiff's Motion to Modify
 
 *453
 
 Child Support until the November Order. In the November Order, the trial court calculated Defendant's child support obligation for each individual year from the 2011 filing to the 2017 decision, rather than apply Defendant's current income and child support obligation at the time of the hearing.
 

 The arrearages owed by Defendant from the filing of Plaintiff's Motion are a form of prospective child support.
 
 See
 

 Respess v. Respess
 
 ,
 
 232 N.C. App. 611
 
 , 628,
 
 754 S.E.2d 691
 
 , 702-03 (2014) (child support awarded from the time a party files a complaint for child support to the date of trial is prospective child support).
 

 Again, " '[i]t is well established that child support obligations are ordinarily determined by a party's actual income at the time the order is made or modified.' "
 
 Kaiser v. Kaiser
 
 , --- N.C. App. ----, ----,
 
 816 S.E.2d 223
 
 , 228 (2018) (quoting
 
 Ellis
 
 ,
 
 126 N.C. App. at 364
 
 ,
 
 485 S.E.2d at
 
 83 ). "Although this means the trial court must focus on the parties' current income, past income often is relevant in determining current income."
 

 Id.
 

 Under certain circumstances, " 'a trial court may permissibly utilize a parent's income from prior years to calculate the parent's gross monthly income for child support purposes.' "
 

 Id.
 

 (quoting
 
 Midgett v. Midgett
 
 ,
 
 199 N.C. App. 202
 
 , 208,
 
 680 S.E.2d 876
 
 , 880 (2009) ). For example, this Court has recognized such an approach is permissible where the income is highly variable or seasonal, or where the evidence of income is unreliable.
 
 Id
 
 . "What matters in these circumstances is the reason
 
 why
 
 the trial court examines past income; the court's findings must show that the court used this evidence to accurately assess current monthly gross income."
 

 Id.
 

 *531
 
 In this case, the trial court made no findings providing a rationale for using Defendant's income for each individual year rather than using his current income to calculate child support owed back to the filing of Plaintiff's motion. Notably, in the June Order, the trial court did use Defendant's current income and support obligation in its calculation of Defendant's arrearage. The use of Defendant's historical income to calculate prospective child support in the form of arrears dating back to the filing of Plaintiff's Motion without any finding to support the use of this method was error. We reverse and remand this matter to the trial court. On remand, the trial court should calculate Defendant's arrearage owed using his gross income as of the time its modification order was originally entered,
 
 Lawrence v. Tise
 
 ,
 
 107 N.C. App. 140
 
 , 149,
 
 419 S.E.2d 176
 
 , 182 (1992), or, alternatively, make findings to support its use of Defendant's historical income to calculate arrearages.
 

 *454
 
 V.
 
 Awards of Attorneys' Fees
 

 In his fifth argument, Defendant contends the trial court erred in ordering him to pay Plaintiff's attorneys' fees in the amounts of $ 16,240 and $ 25,000.
 

 Our General Statutes permit an award of attorneys' fees in child support and custody cases under appropriate circumstances.
 
 N.C. Gen. Stat. § 50-13.6
 
 (2017). We typically review the amount of an award of attorneys' fees for abuse of discretion.
 
 Sarno v. Sarno
 
 , --- N.C. App. ----, ----,
 
 804 S.E.2d 819
 
 , 824 (2017).
 

 Defendant contends the trial court abused its discretion in awarding attorneys' fees. First, Defendant contends the trial court abused its discretion in awarding $ 16,240 in attorneys' fees in the November Order. Defendant argues "the majority of these fees were incurred prior to Defendant-Appellant filing his Motion to Reconsider on 12 June 2017[,]" "[t]he Court had already ordered $ 25,000.00 in attorney's fees to Plaintiff-appellee[,]" and this award was not supported by the evidence. We disagree.
 

 During the 27 July 2017 hearing on Defendant's Motion to Reconsider, Plaintiff's counsel presented evidence of "supplemental attorney's fees and expenses in connection with this matter in the amount of $ 17,440." Counsel explained these fees included expenses incurred as of that date. The trial court, accordingly, found Plaintiff "has incurred total attorney fees of $ 17,440.00 since October 25, 2016, not encompassing work done on the date of the July 27, 2017 hearing in this matter or prospective fees." The trial court further found this amount to be reasonable, and determined Defendant had the ability to pay Plaintiff's attorneys' fees in the amount of $ 16,240.
 

 There is evidence to support the trial court's determination as to the reasonableness and amount of attorneys' fees. Defendant has not shown the trial court abused its discretion in ordering the payment of $ 16,240 in attorneys' fees.
 

 Next, Defendant contends the trial court abused its discretion in awarding $ 25,000 in attorneys' fees in the June Order. Defendant contends this award was unreasonable. However, Plaintiff's Affidavit of Attorneys' Fees was introduced into evidence without objection. Plaintiff testified she believed these fees were reasonable. Shortly after this affidavit was introduced, Plaintiff was subject to cross-examination, and at no point did Defendant challenge the reasonableness of the fees.
 

 *455
 
 The trial court relied on this evidence in the June Order, finding Plaintiff "has incurred total attorney fees of Thirty One Thousand Four Hundred Sixty Six Dollars and Ninety Cents ($ 31,466.90)," and the work done "was reasonable." The court further broke down the work done in the case, including an hourly rate for Plaintiff's counsel, hourly rate for his associate, and hourly rate for his staff, and noting these rates were "reasonable in relation to [counsel]'s experience, the type of legal services he provides and his skill level given that he practices law in Mecklenburg County, North Carolina and is a Board Certified Specialist in Family Law." The court noted Plaintiff had the "means and ability to defray a large portion of the expenses of this suit[,]" and an award of $ 25,000 would be both just and within Defendant's ability to pay.
 

 *532
 
 Based on the Record before us, we cannot say the original award of attorneys' fees in the amount of $ 25,000 was unreasonable or otherwise constituted an abuse of discretion. We, therefore, affirm the awards of attorneys' fees.
 

 Conclusion
 

 Accordingly, we affirm the trial court's conclusion there was a substantial change of circumstances justifying a modification of child support. We affirm the trial court's award of the lump sum child support payment from the Baird Account. We also affirm the trial court's awards of attorneys' fees. We reverse and remand the November Order, in part, for the trial court to reconsider its calculation of the child support arrearage owed by Defendant. We further reverse the November Order, in part, and direct the trial court to require the lump sum child support payment be directed to Plaintiff for the benefit of the minor child.
 

 AFFIRMED IN PART; REVERSED AND REMANDED IN PART.
 

 Chief Judge McGEE and Judge HUNTER concur.
 

 [1]
 

 The trial court found Defendant's accident was in 2005. This appears to be a clerical error as the Record demonstrates the accident was in 2006. The actual date is immaterial to the analysis of this case.
 

 [2]
 

 It appears this matter began as a "IV-D" case in which child support obligations are enforced by a local Child Support Enforcement agency on behalf of a parent. The Record in this case does not include any initiating pleadings in this action in violation of N.C.R. App. P. 9(a)(1)(d). As a practical matter, it is helpful-if not an absolute necessity-for this Court to be able to review the initiating pleadings in any action to ascertain whether a matter is properly before our courts. However, in light of the fact the parties do not dispute the existence of a valid child support proceeding giving rise to the child support modification before us, and the fact Plaintiff has stipulated to this limited record, this omission does not significantly impede our review, and we endeavor to address the merits. We recognize there are instances where omissions from the record may be fatal to an appeal and, indeed, caution the present case may well be an exception and not the rule. We also encourage counsel for both parties to review the most current version of N.C.R. App. P. 26(g)(1) when making their choices of font in documents filed in our appellate courts as Courier-style fonts are no longer approved.
 

 [3]
 

 Plaintiff objected to the filing of this Motion as untimely. The trial court elected to deny the Motion in its discretion rather than dismiss it as untimely. Thus, we need not address the timeliness of the Motion under
 
 Browne v. Browne
 
 ,
 
 101 N.C. App. 617
 
 , 624,
 
 400 S.E.2d 736
 
 , 740 (1991) and
 
 N.C. Gen. Stat. § 50-13.5
 
 (d)(1) (2017).